## EASLY, Adm'r of BELL, v. BOYD.

1. A judgment cannot be rendered against an administrator in detinue, where the suit has been revived against him, unless the thing sued for was in the hands of his intestate at the time of the suit brought, or has since come to the possession of the personal representative, and held by him as assets of the estate.

Error to the Circuit Court of Talladega.

Detinue by the defendant in error, against the intestate of the plaintiff in error, to recover a number of slaves.

Upon the trial, as appears from a bill of exceptions, the plaintiff, to prove the execution of a mortgage by the defendant, introduced one of the subscribing witnesses thereto, who stated that his signature was genuine, and that the instrument was either subscribed in his presence, or acknowledged by Bell to be his signature at the time he subscribed his name. The plaintiff then read to the jury the deed referred to by the witness, by which Bell conveyed to the defendant, and Thornton Taliaferro, a tract of land, and the slaves sued for, with a condition, reciting that he had drawn a bill of exchange for $7,000, payable at the Branch Bank at Montgomery, and accepted by Edward Hanrick, and that if he failed to pay the bill when it became due, then the grantees were authorized, and empowered, to take the land, and negroes, and expose them to sale in the city of Montgomery, giving sixty days notice, &c., and appropriate the proceeds to the payment of the bill.

The plaintiff proved, that the bill described in the deed was discounted by the bank, and paid on the 10th June, 1845, by Hugh P. Caffey, and the plaintiff. The defendant objected to this evidence, because there had been no notice to produce the bill of exchange, but the court overruled the objection.

The defendant then offered in evidence the record of a

suit, to show that Pharr & Beck had instituted a suit in detinue, against Bell, for these slaves before this suit was commenced. That in the lifetime of Bell, they recovered judgment against him. That Bell had given bond with sureties to abide the judgment in the suit, which was pending when this suit was commenced, and that after judgment in favor Pharr & Beck, and during the life of Bell, they were delivered up pursuant to the bond, and that the slaves had never come to the hands of Easly, as the administrator of Bell.

The court charged the jury, that if Bell executed the mortgage, and had failed to pay the bill of exchange, and was in possession of the slaves at the commencement of the suit, they should find for the plaintiff.

The defendant asked the court to charge, that if the slaves had never been in the possession of Easly, they should find for the defendant; which charges the court refused to give. The defendant excepted to the charge given, and to the refusal to charge, and assigns all the matters arising out of the bill of exceptions for error.

L. E. PARSONS, for plaintiff in error.
T. D. CLARKE and WOODWARD, contra.

ORMOND, J.—There is no entry of record of the revival of this suit against the plaintiff in error, nor is there any question raised here whether such a suit as this can be revived under our statute. We shall therefore not enter upon the consideration of that question, but confine ourselves to the examination of the question, whether, under the process, any judgment could be had against the administrator in this case.

The question of the liability of an executor to be sued in detinue, came before this court in Brewer v. Story's Ex'r, 10 Ala. 961, and was there fully considered. It was held that the action could be brought against him, in his representative character, upon an allegation that the chattel sued for was in the possession of the testator, and after his death came to the possession of the executor, who detained it as such. From this it seems to follow conclusively, that if an action of detinue can be revived against the personal representative

of the defendant, no judgment can be rendered against him, unless the chattel sued for, at the time of the suit brought, was in the hands of the deceased defendant, has since come to the possession of his personal representative, and is held by him as part of the personal assets of the estate. In this case it is shown, that the slaves sued for never came to the possession of the administrator, but were taken from his intestate previous to his death, in satisfaction of a bond by which they had been replevied. The refusal of the court therefore, to charge that no recovery could be had against the administrator, unless the slaves sued for had come to his possession, was clearly erroneous. Whatever other remedy the plaintiff may have against the personal representative, it is clear he cannot maintain detinue to recover a chattel which never came to his possession.

It is urged by the counsel for the defendant in error, that the act of 1830, (Clay's Dig. 317,) requires the revival of the action of detinue against the personal representative, as otherwise the plaintiff would lose the security afforded him by the replevin bond of the deceased. The design of the Lelature in the act referred to, was doubtless to make the remedy by detinue more effectual, and to insure the production of the property, to answer the plaintiff's judgment, in the event of his recovery, by requiring the defendant to give security for its production. But we are unable to perceive how this should authorize an action of detinue to be instituted, or maintained, against the administrator. This was clearly not within the contemplation of the legislature at the time of the passage of the act, and if the death of the defendant has disabled them from proceeding against the sureties on the bond it is no reason for permitting a judgment to be rendered against the personal representative for the specific property, which he never had in possession.

As this point is decisive of the case, it is unnecessary to consider the other questions made in the argument. Judgment reversed and cause remanded.