## STUCKEY *vs.* BELLAH.

[TROVER FOR CONVERSION OF GOLD WATCH AND CHAIN.]

1. *Competency of party as witness.*—In trover against an administrator in his individual capacity, for the conversion of a chattel which the plaintiff claims under an alleged parol gift from the intestate in his life-time,

Stuckey v. Bellah.

and which the defendant holds and claims as assets of his intestate's estate, the plaintiff is not a competent witness to prove the alleged gift to himself. The case falls within the letter and spirit of the exception contained in the act approved February 14, 1867, entitled "An act in relation to the competency of witnesses," (Session Acts, 1866–67, p. 435,) which excepts from the provisions of said act "suits or proceedings by or against executors or administrators."

2. *Notice of filing interrogatories to witness; amendment of sheriff's return.*—On motion to suppress the deposition of a witness before the commencement of the trial, on account of the failure to give notice of the filing of the interrogatories, the sheriff may amend his return, so as to show that notice was in fact given; and the return being thus amended, the motion to suppress may be overruled, although the return does not show when the notice was given, nor that it was given ten days before the deposition was taken.

3. *Proof of insolvency.*—In trover against an administrator individually, for the conversion of chattels which he claims as assets of his intestate's estate, he can not be allowed to prove that the estate is in fact insolvent, when it has not been declared insolvent.

4. *Competency of witness to testify as to mental capacity.*—A witness who "was intimate with the deceased, was a relative, and had stayed at his house for some time;" and a witness who "had known the deceased intimately for two years before his death, and was with him every day or two for a while before his death;" are both competent to testify as to the mental capacity of the deceased about the time of his death.

APPEAL from the Circuit Court of Dale.
Tried before the Hon. H. D. CLAYTON.

THIS action was brought by Samuel S. and Elizabeth C. Bellah, (who were husband and wife,) against John W. Stuckey, to recover damages for the conversion of a gold watch and chain, which the plaintiffs claimed under a verbal gift from Robert H. Stuckey, deceased, to Mrs. Elizabeth C. Bellah, (who was the mother-in-law of said Robert H. Stuckey,) and which the defendant held as assets of the estate of said Robert H. Stuckey, of which he was the administrator. The action was commenced on the 13th August, 1860; and the trial was had at the April term, 1867. The record does not show what pleas were filed.

"Before the trial was commenced," as the bill of exceptions states, "the defendant moved to suppress the deposition of Dorinda J. Snow, because it did not appear, on the face of the papers returned by the commissioner, that any notice had been given to the defendant, or his counsel, of

the interrogatories to said witness. The court thereupon allowed the sheriff to endorse on the interrogatories to said witness, 'Received in office, and executed a copy upon the defendant.' Said entry was allowed, against the objection of the defendant, who insisted, that the commission and interrogatories of said witness must show, on themselves, the time when the commission issued, and the notice required by law. The court overruled the motion to suppress, and the defendant excepted.

"On the trial, the plaintiff offered herself as a witness, to prove that the watch, for the conversion of which the suit was brought, was given to her by Robert Stuckey, deceased. The defendant objected to the competency of said witness, because she was incompetent at the time the suit was brought, and because she was incompetent at the time of the trial, and because her testimony related to a transaction between herself and said deceased, as whose administrator the defendant justified. The court allowed the plaintiff to testify, against the said objections of the defendant; and the plaintiff thereupon testified, that said Robert Stuckey was her son-in-law, and was sick at her house, with a lingering disease; that on the Thursday before the Monday on which he died, he called her to him, while the family were at dinner, and told her to get his gold watch and chain; that she did so, and the deceased then gave them to her, saying that she had been very kind to him; and that no other person was present at the time. The defendant moved to exclude this evidence, because it related to a transaction between the plaintiff and said deceased, while he claimed the watch and chain under and by virtue of being the administrator of said deceased. The court refused to exclude the evidence, and the defendant excepted. The plaintiff further testified, that about the 20th February, 1860, the defendant called for the effects of the deceased; that some were given up to him; that she claimed the gold watch, and refused to give it up, and did not give it up until told to do so by her husband, and then under protest; that the defendant, some time afterwards, sold the watch and chain, as administrator of said deceased; that she and her husband forbade the sale; that the watch

and chain brought about sixty dollars at the sale, but were worth about one hundred and fifty dollars. To all of this evidence the defendant objected; but the court overruled his objection, and admitted the evidence; to which the defendant excepted. The plaintiff then introduced the deposition of Dorinda J. Snow, her daughter, who testified" to declarations of the deceased, as to his intention to give the plaintiff something for her kindness to him, and his desire that the watch should not go out of "the family;" also, as to the value of the watch, and the circumstances attending the delivery of it by the plaintiff to the defendant. "The plaintiff here closed, and no other evidence was introduced to prove the gift of the watch by the deceased to the plaintiff."

"The defendant introduced one W. H. Stuckey as a witness, who testified, that he was intimate with the deceased, was a relative, and had stayed at his house for some time; that he saw the deceased, about two weeks before his death, at the house of E. Middlebrooks; that the deceased was then in very feeble health, and did not know him, but revived before he left; that the deceased was weak, both mentally and physically, and was dying with consumption, or something of that character. The defendant proposed to ask said witness the mental condition of the deceased for some time before his death; to which the plaintiff objecting, the court refused to allow the witness to answer; to which the defendant excepted. The defendant also introduced one Thurmond as a witness, who stated, that he had known the deceased intimately, for two years before his death; that the deceased was, for some time before his death, in a very feeble condition of mind and body, and was childish and whimsical; that the deceased visited him, and stayed for several days at a time; and that he was with the deceased every day or two for a while before his death. The defendant asked said witness to state his opinion, as to the mental capacity of the deceased to dispose of his property, or for business; but, objection being made, the court refused to allow the witness to state his opinion.

"The defendant proposed to prove, that the claims against the estate of the deceased amounted to more than

the assets. The court refused to allow this, unless the estate had been declared insolvent; to which ruling the defendant excepted."

All the rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

MARTIN & SAYRE, for appellant. .

W. C. OATES, contra.

JUDGE, J.—The first section of the act of February 14, 1867, "in relation to the competency of witnesses," is as follows: "That in suits and proceedings before any court or officer in this State, other than criminal cases, there shall be no exclusion of any witness, because he is a party, or interested in the issue tried; except that in suits or proceedings by or against executors or administrators, (as to which a different rule is not made by the laws of this State,) neither party shall be allowed to testify against the other, as to any transaction with, or statement by the testator or intestate, unless called to testify thereto by the opposite party."—Acts 1866–7, p. 435.

The defendant below was the administrator of the estate of Robert Stuckey, deceased, and, as such, had the possession of the watch and chain which are the subject of this suit, claiming them as the property of the estate of his intestate. The plaintiff claimed title to the watch and chain, by virtue of an alleged parol gift of the same to her, from Robert Stuckey in his life-time; and she was permitted, against the objection of the defendant, to establish the parol gift by her own oath. Was she a competent witness, for that purpose, under the act of the legislature above referred to?

The suit, it is true, was instituted against the defendant in his personal character. But the right of action, as the record discloses, was based upon an alleged conversion by him, in wrongfully withholding the property as belonging to the estate of his intestate. This made it, *within the meaning and intent of the statute*, a suit against an administrator. To exclude a witness occupying the relation contemplated by the statute, the phraseology of the act does

not require that the suit or proceeding shall, in all cases, be by or against an executor or administrator, *in his representative character*. But when either party is an executor or administrator, and the estate represented by either is exclusively interested in the subject-matter of the suit, "neither party should be allowed to testify against the other, *as to any transaction with, or statement by* the testator or intestate, unless called to testify thereto by the opposite party."

To place a different construction upon the act, would not, we think, be agreeably to the intent of the legislature ; and the rule is well settled, that if, from a view of the whole law, the intent is different from even the literal import of some of its terms, the intent should prevail. Where property is held by one as the legal representative of a deceased person, he having obtained the possession of it as such representative, suit may be brought against him for the property, either in his personal or representative character. *Easly v. Boyd*, 12 Ala. 684. Therefore, the appellee in the present case could as well have sued the appellant as administrator, as to have instituted the action in its present form. Had the former course been pursued, it is too clear for controversy, that she would not have been a competent witness. Should the statute, then, receive such a construction as would place it within the power of a party plaintiff, in cases like the present, to avoid its positive mandate, at his own election as to the mere form of his remedy? An affirmative answer to this question would place us in conflict with the well-known rule of construction above stated, which requires effect to be given to a statute, according to its manifest intent—would be sacrificing the substance of the law to mere form. A sound public policy demands that the exception contained in the statute should be enforced. The living party should not have the advantage of being a witness, in his own case, against the estate of a dead man, when he offers himself to prove any transaction with, or statement by the deceased.

Our construction is supported by the adjudications of other States, upon statutes similar to our own. Section 310 of the Code of Ohio provides, that "no person shall be

disqualified as a witness, in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise;" and section 313 of the same Code provides, that "no party shall be allowed to testify by virtue of the provisions of section three hundred and ten, *where the adverse party is the executor or administrator of a deceased person,* when the facts to be proved transpired before the death of such deceased person," &c. A residuary legatee, pursuant to a statute of the State of Ohio, had executed a bond, conditioned to pay all the debts of the testator, and suit was brought against the legatee upon this bond, by a creditor of the estate, based upon an alleged non-payment of his debt. Upon the trial, the plaintiff was sworn and examined as a witness in his own behalf, against the objection of the defendant. The supreme court of Ohio held, that the court below erred in permitting the plaintiff in the action to testify as to transactions which had occurred between him and the testator, against whose estate he was seeking to establish a claim, although the executor, as such, was not a party to the action. In their opinion, the court say : "Section 313 of the Code is in the nature of a statute against frauds and perjuries. The testimony of the party to the action, though generally admissible, is excluded, when it relates to transactions between him and a deceased person, against whose estate he asserts a claim. It was considered that there would be a temptation, in such a case, to fraud and perjury, against which protection should be given by excluding the testimony. The reason of the law certainly applies in this case with the same force as if the residuary legatee had given the ordinary bond, *and been sued as executrix.* The form which the remedy given to the creditors of the estate assumes, can properly make no diference."—*Stevens v. Hartley,* 13 Ohio, 525.

The reasoning of the court in the case above cited, applies with full force to the case at bar, and fully sustains the conclusion we have attained. See, also, the following authorities, which likewise, in principle, support our conclusion : *Kimball v. Estate of Baxter,* 27 Vermont, 628; *Fischer v. Morse,* 9 Gray, 440 ; *Ayres v. Ayres,* 11 Gray, 130; *Hubbard v. Chappin,* 2 Allen, 328.

Stuckey v. Bellah.

2. Proceeding to consider the other questions presented by the assignments of error, we hold, that the court properly permitted the sheriff to amend his return, so as to show the service upon appellant of a copy of the interrogatories propounded to the witness, Dorinda J. Snow, and committed no error in refusing to suppress the deposition of said witness.

3. The appellant proposed to prove that the claims against the estate of Robert Stuckey, deceased, amounted to more than the assets of the estate. The court refused to allow this evidence to be introduced, unless the estate of the deceased had been declared insolvent; and in this ruling committed no error.

4. The facts deposed to by the witnesses, W. H. Stuckey and John Thurmond, relative to their acquaintance and intercourse with the deceased, Robert Stuckey, and his mental and physical condition, at or about the time of the alleged gift by him to the appellee, rendered it competent for each of said witnesses to give his opinion on the question of the mental capacity of the deceased to dispose of his property, at the time of the gift. We thus hold, upon the authority of previous adjudications of this court upon the question.—*Norris v. The State*, 16 Ala. 776.; *In re Carmichael*, 36 Ala. 514, and cases there cited.

It results from what we have said, that the court below erred in its ruling relative to the competency of the appellee as a witness, and also in excluding the testimony of the witnesses Stuckey and Thurmond, as shown by the record.

Let the judgment be reversed, and the cause remanded.