# Robinson v. The State.

### Larceny.

(Decided February 8, 1916.   70 South. 960.)

1. **Evidence; Opinion; Value.**—Non expert witnesses shown to be familiar with the property to be valued, are competent to express an opinion as to its value.

2. **Larceny; Evidence; Hearsay.**—Where the prosecution was for the larceny of a cow, and defendant set up that he had been instructed by his employer to take the cow, his employer thinking that the cow belonged to him, and not to the prosecuting witness, testimony as to a conversion had by such employer with a third person as to another cow purchased by the employer was hearsay and inadmissible.

3. **Witnesses; Impeachment; Immateriality.**—A witness cannot be impeached by contradiction as to an immaterial matter.

4. **Larceny; Elements; Intent.**—In the absence of a showing of felonious taking, a conviction could not be had for larceny.

APPEAL from Lowndes Circuit Court.

Heard before Hon. A. E. GAMBLE.

John T. Robinson was convicted of larceny, and he appeals. Reversed.

The facts sufficiently appear in the opinion. On cross-examination of the prosecuting witness the defendant asked him, "Did you ask Mr. Rambo about the cow?" and the witness having answered, 'Yes," defendant's counsel asked the further question, "What did Mr. Rambo say?" The counsel for the state objected, the court sustained the objection, and the defendant asked the witness the following: "Who had possession of the cow at the time you heard her low out there, on the Morass place?" and the witness answered, "Nobody was in there then."

R. L. GOLDSMITH, for appellant. W. L. MARTIN, Attorney General, and ·H. G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1) Nonexpert witnesses shown to be familiar with the property to be valued are competent to express an opinion as to its value.—*Hodge v. Rambo,* 155 Ala. 176, 45 South. 678; *Southern Ry. Co. v. Morris, Adm'r,* 143 Ala. 631, 42 South. 17; *Western Ry. Co. v. Lazarus,* 88 Ala. 456, 6 South. 877. The witness Lawson testified that the cow belonged to him, that he milked her on Wednesday morning after Christmas, 1914, and that he missed her after that time, and was competent to testify as to her value; and the objection to the testimony of this witness was properly overruled.

The witness Rambo was not shown to be in possession of the cow at the "Morass place," and anything he may have said about the cow was hearsay and inadmissible.

The evidence shows without dispute that R. S. McWhorter, Jr., took the cow under a mortgage executed by Lawson, the alleged owner; but as to whether the cow was covered by the mortgage, there was a dispute in the evidence. After R. S. McWhorter, Jr., had taken possession of the cow under the mortgage, she was turned in the pasture or lot at the "Morass place," then in the possession of McWhorter, Sr., who, it seems, not knowing that the cow had been turned into the pasture by McWhorter, Jr., but assuming that it was a cow that he purchased from Glover, directed the defendant, who was in his employ, to deliver the cow to Mr. Tillery at Hayneville to be shipped; and the only evidence against the defendant is that he carried the cow to Hayneville and turned her over to Mr. Tillery, and afterwards, when Garrett, the deputy sheriff, and Harrell went to arrest him, he got on his mare and galloped off. The evidence further shows that he was afterward arrested by the sheriff in the courthouse, and gave as his reason for running away from the deputy that Mr. McWhorter, his employer, was away from home, and he did not want to be arrested until his return.

(2, 3) There was no dispute in the evidence that McWhorter, Sr., sent the cow to Tillery through mistake as to her identity, and, over the seasonable objection of the defendant, the court allowed the state to show a conversation by the witness McWhorter, Sr., and Varner as to another cow purchased by McWhorter from one Glover. This evidence was wholly immaterial to any issue in the case. Such conversation could not be made the basis of impeaching the witness. Furthermore, no ef-

[Hardaman v. The State.]

fort was made to contradict the testimony of the witness as to this conversation. This was purely hearsay testimony, and should not have been admitted.

(4) Unless some testimony is offered on another trial, tending to show a felonious taking by the defendant, he should not be convicted.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.