(90 South. 62)

## HILL v. STATE. (8 Div. 808.)

(Court of Appeals of Alabama. June 7, 1921.)

1. Criminal law ⬅390, 448(3)—Intoxicating liquors ⬅229—Exclusion of testimony calling for the uncommunicated purpose of defendant, and a conclusion of witness, held correct.

In prosecution for manufacturing prohibited liquor, questions as to how the defendant happened to go to a certain place, and where defendant had started, and how did defendant happen or anybody happen to roll any barrels down a hill, were inadmissible as calling for the uncommunicated purpose or intention of defendant, and a conclusion of the witness, and being irrelevant and incompetent.

2. Witnesses ⬅286(4) — Objection to question held properly sustained.

Where the testimony of a witness had not been disputed and no effort was made to show that he made statements to a third person, a question, on redirect examination, as to what the witness told the third person, was irrelevant and incompetent.

3. Criminal law ⬅364(2)—Exclusion of testimony of defendant concerning matters no part of res gestæ held proper.

In prosecution for manufacturing prohibited liquor, testimony of defendant that he went by a certain place and had started over to A.'s to see if he could put cattle in his pasture, and A. asked him to go to the place in question, was properly excluded as making testimony for the defendant, and containing matters no part of the res gestæ.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Hubert Hill was convicted of manufacturing prohibited liquor, and he appealed. Affirmed.

The facts on which the opinion is rested sufficiently appear therefrom.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Mitchell & Hughston, of Florence, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appeal is from a judgment of conviction for the violation of section 15 of the law known as the "bone dry law." Laws 1919, p. 6. The indictment was not challenged by demurrer; no exceptions were reserved to the court's oral charge; the affirmative charge was not requested, nor was there any motion for a new trial made. All the special charges requested by defendant were given. The appeal is predicated upon the rulings of the court upon the testimony and these are the only questions presented for review.

[1] The court sustained the state's objections to each of the following questions propounded to defendant's witness Clyde Tidwell, on direct examination:

(1) "How did he (defendant) happen to go over there?" (2) "Where had Hubert Hill (defendant) started?" (3) "How did he (defendant) happen or anybody happen to roll any barrels down the hill?"

Each of these questions were so patently objectionable it needs no discussion to justify the court's rulings in sustaining the state's objection. They call for the uncommunicated purpose or intention of the defendant, as well as for the conclusion of the witness; moreover, the evidence thus sought to be adduced was irrelevant and incompetent, and therefore illegal and inadmissible.

[2] On recross-examination of witness Bennie Harden, he testified:

"No, sir; I did not tell Mr. Mitchell on the day this thing happened that I didn't have anything to do with it; that I didn't even haul the sugar out there; he didn't ask me. I did not tell them I had nothing to do with the hauling the sugar and didn't know anything about it."

Thereupon on redirect examination the defendant propounded this question, "What was it that you did tell him?" The court properly sustained the state's objection to this question, for the reason that, at this stage of the evidence, the testimony of this witness had not been disputed and no effort had been made to show that said witness had made the statements inquired about; nor was there any effort afterwards to prove the predicate. It therefore affirmatively appeared that the witness Harden had not made the statements, and until some effort had been made to controvert this fact, what, if any-

thing, he did tell Mr. Mitchell, was not relevant or competent.

[3] The defendant, while testifying as a witness in his own behalf, stated:

"I went by there and had started over to Sam Anderson's to see if I could put my cattle on his pasture. He asked me to go by there with him."

The motion of the state to exclude this statement was properly granted. A defendant is not permitted to make testimony for himself, and the matters excluded were no part of the res gestæ.

No other questions are presented for review. The record is free from error, and the judgment is affirmed.

Affirmed.