**HEMBREE v. STATE. (6 Div. 469.)**

(Court of Appeals of Alabama. July 22, 1924.)

**1. Criminal law ⬤▭448(7)—Testimony that witness could sit in accused's house and see into another house held not opinion.**

In prosecution for murder, admission of testimony that the witness could sit in the accused's house and see into another house was proper; it being a statement of fact rather than the opinion of a witness.

**2. Witnesses ⬤▭370(3)—Refusal of testimony showing what witness paid attorney employed by him to prosecute held error.**

After a witness testified that he with others had employed an attorney to assist in the prosecution for murder, refusal to admit testimony as to how much the witness had promised to pay was error, since it tended to show bias or interest.

**3. Witnesses ⬤▭363(1)—Competent for accused to show bias or interest of witness and extent thereof.**

It is competent for an accused person to show bias or interest of a witness against him and the extent thereof.

**4. Homicide ⬤▭187—Evidence that deceased was drinking or intoxicated at time of difficulty material.**

In a prosecution for murder, in which there was a claim of self-defense, evidence that at the time of the difficulty deceased was intoxicated, and the odor of whisky was on or about

the body immediately after the difficulty, *held* material.

**5. Criminal law ⚖➔452(2)—Witness held sufficiently acquainted with accused to testify as to mental condition in rebuttal of nonexpert evidence.**

In a prosecution for murder, a witness who had known the accused two years, during which time he had seen him frequently and had worked with him, was sufficiently acquainted with him to testify as to his mental condition in rebuttal of nonexpert evidence that accused was insane.

**6. Criminal law ⚖➔1036(1)—Objection to evidence may not be raised for the first time on appeal.**

Objection to admission of evidence may not be raised for the first time on appeal.

**7. Witnesses ⚖➔379(3)—Testimony that witness had stated he knew enough to break accused's neck not material to impeach him.**

In a prosecution for murder, where a witness testified that he did not think he had stated that he knew enough to break the accused's neck, testimony that he had so stated, introduced to impeach him, was not material, being only an opinion of the witness.

**8. Witnesses ⚖➔383—Witness may not be impeached by contradictory statements not material.**

A witness may not be impeached by alleged contradictory statements which are not material.

**9. Criminal law ⚖➔448(10)—Testimony concerning accused properly excluded as relating to cognition.**

In prosecution for murder, testimony by accused's wife, in referring to his mental condition, that in the field he would pick cotton a while and sit down as if he had forgotten all about what he was doing, was properly excluded on motion of the solicitor, being a statement as to the mental cognition of another.

**10. Criminal law ⚖➔448(10)—Statement that witness did not see any cause for accused's crying and that he was "just wild" properly excluded.**

In prosecution for murder, testimony of the accused's wife as to his mental condition, that she did not see any cause for his crying, and that he was "just wild," was properly excluded on motion of the state; it being disclosure of one's own uncommunicated mental status and the opinion of the witness, respectively.

**11. Criminal law ⚖➔448(10)—Inference as to mental state of another, where conceived rather than perceived, is rejected.**

Inference of witness as to the mental state of another is rejected, where it is conceived rather than perceived.

**12. Criminal law ⚖➔1144(10)—Refusal to exclude statements of solicitor in argument not error.**

In a prosecution for murder, showing statements of the solicitor about the deceased:

"And his little orphan children turned out into the world. If H. (deceased) would come in here he would say, 'I am gone'"—without showing in what connection the words were used, they will not be deemed error, in view of the fact that every reasonable presumption must be indulged in favor of the trial court's rulings.

**13. Criminal law ⚖➔758—Instruction on weight of accused's testimony invaded jury's province.**

In prosecution for murder, an instruction that the jury should not capriciously set aside accused's testimony, but consider it in the light of the interest he had in the result, and in the light of the fact that he was the defendant, was improper as invasive of the province of the jury, since the credence to be given to the accused's testimony should be left with the jury, unembarrassed and uninfluenced by direct or indirect instructions bearing on its sufficiency.

**14. Criminal law ⚖➔829(1)—Charge covered by court's oral charge properly refused.**

Charges fully covered by the others were properly refused.

**15. Criminal law ⚖➔778(12) — Refusal of charge as to burden of proof of accused's freedom from fault and bringing on difficulty held proper.**

In a prosecution for murder, a charge that the burden of proving accused was free from fault in bringing on the difficulty is not on the accused, but the burden of proving he was at fault at the time complained of was on the state, was misleading and properly refused.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Grady Hembree was convicted of murder in the second degree, and he appeals. Reversed and remanded.

Charge 13, refused to defendant, is as follows:

"(13) The court charges the jury that the burden of proving that he was free from fault in bringing on the alleged difficulty is not on the defendant in this case, but the burden of proving that the defendant was at fault at the time complained of is on the state."

Russell & Johnson, of Oneonta, for appellant.

It was not proper for witness Hedgecock to testify that one could see from Hembree's house over to Hedgecock's house. L. & N. v. Moorer, 195 Ala. 344, 70 South. 277; Moulton v. State, 19 Ala. App. 446, 98 South. 710; White v. State, 12 Ala. App. 160, 68 South. 521. Defendant was entitled to prove bias of the witness Hedgecock by showing the amount paid by him to special counsel. Davidson v. State, 19 Ala. App. 77, 95 South. 54. A witness may make a shorthand rendition of facts. Woodward Ir. Co. v. Spencer, 194 Ala. 285, 69 South. 902; National Order v. Lile, 200 Ala. 508, 76 South. 450. It is ad-

missible on plea of self-defense to show whether deceased was drunk or sober at the time of the difficulty. 2 Wharton's Cr. Ev. 1756; Harrell v. State, 166 Ala. 14, 52 South. 345; Tittle v. State, 15 Ala. App. 306, 73 South. 142. To qualify a nonexpert to form a correct opinion of the sanity, of another, he must have had a long and intimate acquaintance with such person. Stubbs v. Houston, 33 Ala. 555; Stuckey v. Bellah, 41 Ala. 700. Evidence of the witness Latham that she told deceased to take a gun and kill her a squirrel was not admissible. Hill v. State, 210 Ala. 221, 97 South. 639; Moulton v. State, 19 Ala. App. 446, 98 South. 709; Richardson v. State, 191 Ala. 21, 68 South. 57. A witness cannot be impeached upon an immaterial matter. Metcalf v. State, 17 Ala. App. 14, 81 South. 350; Robinson v. State, 17 Ala. App. 697, 86 South. 927; West Ry. v. Turrentine, 197 Ala. 603, 73 South. 40. The argument of the solicitor was improper and prejudicial. Allen v. State, 19 Ala. App. 302, 97 South 165; Reeves v. State, 19 Ala. App. 309, 97 South. 152. The oral charge of the court was erroneous in its reference to the credence to be put upon the evidence of the defendant. Adams v. State, 16 Ala. App. 93, 75 South. 641; Green v. State, 19 Ala. App. 239, 96 South. 651; Swain v. State, 8 Ala. App. 26, 62 South. 446; Tucker v. State, 167 Ala. 1, 52 South. 464. Requested charge 13 was correct, and should have been given. Lewis v. State, 120 Ala. 339, 25 South. 43; Morris v. McClellan, 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Testimony of witness Hedgecock was properly admitted. Moulton v. State, 19 Ala. App. 446, 98 South. 709. A witness may not state a conclusion as to the mental status of another. Moore v. State, 16 Ala. App. 503, 79 South. 201; Hill v. State, 18 Ala. App. 172, 90 South. 62; Spurlock v. State, 17 Ala. App. 109, 82 South. 557. It was proper for witness Russell to testify what Glass had told him. Franklin v. State, 18 Ala. App. 374, 92 South 526. The argument of the solicitor was within the rule. Mitchell v. State, 18 Ala. App. 471, 93 South. 46. The oral charge of the court must be considered as a whole. Whittle v. State, 205 Ala. 639, 89 South 43.

FOSTER, J. The indictment in this case charged murder in the first degree. The defendant was convicted of murder in the second degree. Pleas of not guilty, and not guilty by reason of insanity, were interposed.

The evidence for the state tended to show that defendant shot and killed deceased on a Friday evening about sundown, while the latter was tying up fodder in the cornfield; there being no eyewitness to the killing other than defendant. There was evidence both on behalf of the state and the defendant of a previous difficulty between deceased and defendant, as well as between deceased and the defendant's wife. The defendant claimed that the killing was in self-defense, and that he was insane at the time of the fatal difficulty.

[1] The court properly allowed the witness Jip Hedgecock to testify that one could sit in Hembree's house and see over to Hedgecock's house. This was clearly the statement of a fact rather than the mere opinion of the witness, and was admissible in evidence. Moulton v. State, 19 Ala. App. 446, 98 South. 709.

[2] Upon cross-examination of the state witness Jip Hedgecock, deceased's brother, he testified that "among us we have employed Mr. Nash to assist in the prosecution." Witness was then asked by defendant's attorney, "How much had you promised to pay him?" The state's objection to this question was sustained by the court. Defendant's attorney further asked, "Have not you promised to pay him as much as $500?" The state objected to this question, and the objection was sustained. To the court's rulings, sustaining objections to both of these questions, proper exceptions were taken. Defendant's attorney offered to show that witness had paid, or promised to pay, as much as $500 to Mr. Nash to assist in the prosecution of the defendant, and upon objections by state this was not allowed.

[3] It is competent for defendant to show bias or interest of any particular witness against him and the extent of such bias or interest. The amount paid or promised by witness to an attorney, specially employed for the prosecution of defendant, would have direct relation to the question of his bias or interest. We think that the court erred in refusing to allow this in evidence. Davidson v. State, 19 Ala. App. 77, 95 South. 54; Dickey v. State, 197 Ala. 610, 73 South. 72.

[4] It is material after introduction of evidence tending to establish a plea of self-defense that the deceased at the time of the difficulty was intoxicated. The odor of whisky "about the body" or "on the body" immediately after the difficulty was a circumstance to be considered by the jury in connection with other evidence in the case in determining whether or not the deceased was drinking or intoxicated at the time of the fatal difficulty. Tittle v. State, 15 Ala. App. 306, 73 South. 142.

[5] Christ Miller, a witness for the state, testified that—

"He had known defendant about two years, had seen him at different places, at his father's, and he worked in the shop, and had been with him on the farm, and had seen him logging different times, had seen him frequently during the two years."

This witness was sufficiently acquainted with the defendant to testify as to his men-

tal condition in rebuttal of nonexpert evidence on behalf of the defendant that he was insane. Stuckey v. Bellah, 41 Ala. 700.

[6] The particulars of two former difficulties between the deceased and the defendant were admitted in evidence, but no objection was made by the defendant. Objection to the admission of evidence may not be raised for the first time on appeal.

[7, 8] Ed Glass, a witness for defendant, upon cross-examination by the state, testified that he did not think that he had told one Billie Russell the next week after the killing that he knew enough to break Hembree's neck. Afterwards Billie Russell was called as a witness for the state and testified, over objections of defendant, that the witness Ed Glass had told him that he knew enough to break Hembree's neck. Clearly this evidence was introduced for no other purpose than to impeach the witness Ed Glass. A witness may not be impeached by alleged contradictory statements which are not material. Opinions of witnesses are not material facts. The alleged statement, of the witness Ed Glass to Billie Russell that he (Glass) knew enough to break his (Hembree's) neck was nothing more than an opinion and was not material evidence. Metcalf v. State, 17 Ala. App. 14, 81 South. 350; Robinson v. State, 14 Ala. App. 25, 70 South. 960; Western Ry. of Ala. v. Turrentine, 197 Ala. 603, 73 South. 40.

[9] The defendant's wife, during direct examination, in referring to defendant's mental condition stated:

"In the field he would pick cotton a while and sit down like he forgot all about what he was doing."

This was properly excluded on motion of solicitor, as it was clearly a statement as to the mental cognition of another and inadmissible. Bailey v. State, 107 Ala. 151, 18 South. 234; Spurlock v. State, 17 Ala. App. 109, 82 South. 557.

[10, 11] Also the statements of the same witness that she "didn't see any cause for his crying" and that he was "just wild" were properly excluded on motion of the state; such statements being the disclosure of one's own uncommunicated mental status and the opinion of the witness respectively. The inference of a witness as to the mental state of another is rejected where it is conceived rather than perceived, and we are not able to say that the statement that defendant was "just wild" was based upon witness' perception rather than conception. Moore v. State, 16 Ala. App. 503, 79 South. 201; Hill v. State, 18 Ala. App. 172, 90 South. 62; Bell v. State, 140 Ala. 57, 37 South. 281.

Mrs. Matilda Latham, a witness for the state, testified over objection of the defendant, that on the afternoon before the killing took place and as the deceased was leaving his house, she told him to take the gun and kill her a squirrel. Circuit court rule 33, Code 1907, p. 1527, provides:

"When in the progress of the trial of any cause in a court of original jurisdiction, objection and exception are reserved to introduction of testimony that is not patently illegal, or irrelevant, such exception will not be considered in error, unless the record shows that the grounds of objections were specified. In all cases, the presiding judge, before ruling on any objections to testimony, may call on counsel to specify the ground on which it is rested; and the appellate court in revising such decision, must consider only the grounds of objection which are shown to have been clearly specified."

The evidence was not objectionable on any of the grounds specified. It will serve no useful purpose to discuss the other exceptions to the admission of evidence.

[12] The solicitor, in his closing argument to the jury, made use of the following expressions:

"And his little orphan children turned out into the world." "Now if Bud Hedgecock would come in here he would say, 'I am gone.'"

Solicitors should not make impassioned appeals to the sympathies or prejudices of the jury and should confine their statements to the evidence. We cannot say that these expressions alone were sufficient to have aroused the prejudice or sympathy of the jury. We do not say that such statements could not have been prejudicial and improper argument. It is impossible to determine exactly in what connection the statements were made, and, as every reasonable presumption must be indulged in favor of the correctness of the trial court's ruling, we do not feel that it should be placed in error for refusing to exclude these statements from the consideration of the jury. These expressions fall within the broad rule laid down by the Supreme Court of Alabama in the case of Cross v. State, 68 Ala. 476, prescribing that which is legitimate argument of counsel. Mitchell v. State, 18 Ala. App. 471, 93 South. 46.

[13] Of the court's oral charge to the jury, the defendant excepted to the following excerpt:

"The law permits him to take the witness stand and testify and give his version of the transaction, just how it occurred, and you are not to captiously or capriciously set it aside merely because he is the defendant, but consider it in the light of the interest he has in the result, and in the light of the fact he is the defendant."

According to the authorities in this state this charge is invasive of the province of the jury and improper. The credence to be given to the defendant's testimony, when he elects to testify, should be left with the jury, unembarrassed and uninfluenced by direct or indirect instructions of the court bearing on

its sufficiency. Green v. State (Ala. App.) 96 South. 651; [1] Adams v. State, 16 Ala. App. 93, 75 South. 641; Swain v. State, 8 Ala. App. 26, 62 South. 446; Tucker v. State, 167 Ala. 1, 52 South. 464.

[14, 15] The exceptions to the other portions of the court's oral charge, when taken in connection with the entire charge, were without merit. Whittle v. State, 205 Ala. 639, 89 South. 46. Charge 1, refused to the defendant, was not predicated upon the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179. Charge 2 was properly refused, as it was fully and fairly covered by charge 6, given at the request of the defendant, as well as by the oral charge of the court. Charge 8, if not argumentative, is fully covered by the court's oral charge to the jury, and was properly refused. The same applies to charges 11 and 12 refused to defendant. Charge 13, refused to defendant, was misleading and properly refused.

For the errors indicated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

