(104 So. 838)

## FORD v. STATE. (2 Div. 322.)

(Court of Appeals of Alabama. Feb. 17, 1925. Rehearing Denied April 21, 1925. Reversed on Mandate June 30, 1925.)

**1. Criminal law ⬤510—Uncorroborated evidence of accomplice insufficient to convict for felony.**

Under Code 1907, § 7897, a defendant may not be convicted of felony on the evidence of an accomplice, unless corroborated by other evidence tending to connect the accused with the commission of the offense.

**2. Criminal law ⬤510½—Evidence held relevant, as corroborative of testimony of accomplice.**

In prosecution for possession of still, evidence, that a still and whisky were found on premises of defendant, also warm mash from which whisky could be made was found in his barn, was relevant, as tending to connect defendant with commission of offense, and in corroboration of the testimony of defendant's hired man who implicated him in both matters.

**3. Witnesses ⬤282½—Objection to question, how much third party paid state employee, properly sustained.**

Where witness testified on cross-examination that he was deputy sheriff, worked with and was paid by state, and that H. made arrangements for him, objection to defendant's question "how much did H. pay you" was properly sustained.

**4. Criminal law ⬤1169(1)—Reply to state's inquiry, as to time witness held mortgage on defendant's property, held not prejudicial.**

In a prosecution for possession of a still, where defendant witness testified, without objection, that he had a mortgage on defendant's place, a reply to an inquiry by the state, that he had had it for five or six years, could not have resulted in prejudicial injury to defendant.

**5. Witnesses ⬤337(2)—Competent for state to show defendant's general reputation as witness.**

In a prosecution for possession of a still, after defendant testified as a witness, it was competent for state to show his general reputation in the community in which he lived, as going to his credibility as a witness.

**6. Criminal law ⬤1170½(2)—Overruling objection to question, where answer favored defendant, held not prejudicial error.**

In a prosecution for possession of a still, where the state sought to show the general reputation of defendant as going to his credibility as a witness, overruling objection to a question, the reply to which was favorable to defendant, was not prejudicial error.

**7. Witnesses ⬤280—Not competent to ask witness, on cross-examination, "Did you mean what you said?"**

In a prosecution for possession of a still, it was not competent for defendant to ask state witness, on cross-examination, "Did you mean what you said?"

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Damon Ford was convicted of possessing a still, and he appeals. Affirmed on original hearing, and reversed and remanded on mandate of Supreme Court.

Certiorari granted by Supreme Court in Ex parte Ford, 104 So. 840.

Gray & Dansby, of Butler, and John S. Tilley, of Montgomery, for appellant.

A conviction of a felony cannot be had on the uncorroborated testimony of an accomplice. Code 1923, § 5635; Chaney v. State, 4 Ala. App. 90, 58 So. 685; Chaney v. State, 9 Ala. App. 46, 63 So. 693; Thompkins v. State, 7 Ala. App. 142, 61 So. 479. Such corroborating testimony is not sufficient, if it merely shows the commission of the offense. English v. State, 14 Ala. App. 637, 72 So. 292. Defendant should have been permitted to inquire how much Pruitt was being paid by Hunt. Harwell v. State, 11 Ala. App. 190, 65 So. 702; Johnson v. State, 13 Ala. App. 144, 69 So. 396; Harrison v. State, 12 Ala. App. 283, 68 So. 531; Dickey v. State, 15 Ala. App. 141, 72 So. 608; Johnson v. State, 15 Ala. App. 77, 72 So. 561. A character witness, to be competent, must know the general character of a person in the community where he lives. Smith v. State, 8 Ala. App. 203, 62 So. 575; Harrison v. State, 37 Ala. 157. A party has the right to show the interest or bias of a witness appearing against him. Seale v. Chambliss, 35 Ala. 22; Garner v. State, 4 Ala. App. 157, 58 So. 123.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A wide latitude is vested in the trial court, as to cross-examination. May v. State, 16 Ala. App. 541, 79 So. 677. A witness may not testify to an uncommunicated mental status. Hill v. State, 18 Ala. App. 172, 90 So. 62. Counsel discuss the other questions raised, but without citing additional authorities.

RICE, J. The indictment contained two counts; the first charged the manufacture of prohibited liquors; the second charged the possession of a still. The defendant was convicted under the second count.

Certain officers went to the home of the defendant with a search warrant. They found no whisky in the house. They found in the barn a flake stand and some warm mash, from which whisky could be made. They found on his premises a complete whisky still of 100 gallons capacity, and in different places 13½ gallons of whisky. The defendant was not at home, his wife, and a negro man who worked for the defendant, being there. The negro man, James Williams, testified that he and the defendant put the sacks of mash in the barn, and that

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he and two of the Ford boys, under directions of the defendant, brought the still out of the woods to the point where it was found. The defendant was arrested in a car, a short distance from his home, coming in the direction of his home, and a little whisky was found in the car. The evidence for the defendant tended to show that the still was not on his premises, that he had no connection with the operation, control, or ownership, of the still, and that he knew nothing about the whisky, that it was not his.

[1] A defendant may not be convicted of a felony on the evidence of an accomplice, unless corroborated by other evidence tending to connect the accused with the commission of the offense. Code 1907, § 7897; Chaney v. State, 4 Ala. App. 90, 58 So. 685; Thompkins v. State, 7 Ala. App. 142, 61 So. 479.

[2] In a prosecution for possession of a still, evidence that a still and whisky were found on the premises of the defendant, and warm mash from which whisky could be made, was found in his barn is relevant, as tending to connect the defendant with the commission of the offense, and in corroboration of the testimony of an accomplice.

[3] State witness Pruitt testified on cross-examination that he was deputy sheriff; that he worked with the state law enforcement department; that the state paid him; that Mr. Hunt made the arrangements for him. The defendant on cross-examination asked the witness Pruitt: "How much did Hunt pay you?" Objection by the state was sustained, and the defendant duly excepted. The witness had already testified that the state paid him. The court did not err in sustaining objection to the question.

[4] One Rainor, a witness for the defendant, had testified, without objection, that he had a mortgage on the defendant's place. If it was error to permit the state to ask the witness how long he had had that mortgage, no injury, prejudicial to the rights of the defendant, could have resulted by the answer of the witness that he had had the mortgage five or six years.

[5, 6] After the defendant testified as a witness, it was competent for the state to show his general reputation in the community in which he lived, as going to his credibility as a witness. But the answer of the defendant's witness Rainor to the question by the state, objection to which, by the defendant, was overruled, was favorable to the defendant, anyway in that the witness answered that his (defendant's) reputation was "good, as far as he knew." No prejudicial error intervened here.

[7] It was not competent for the defendant to ask state witness Hunt on cross-examination, "Did you mean what you said?" Hill v. State, 18 Ala. App. 172, 90 So. 62.

We have examined all of the objections made and exceptions reserved by defendant to, and on account of, questions propounded to witnesses, and the action of the court in overruling appellant's several motions to exclude the answers to said questions. In each instance we find the exceptions not well taken.

The record discloses that the guilt vel non of the defendant was properly submitted to the jury under appropriate instructions from the trial court. And while we are not unmindful of the rather drastic methods, to use no harsher word, employed by some of the state's witnesses, as disclosed by the testimony, in and about the placing of the defendant under arrest, yet this does not alter the fact that the testimony in the case was sufficient to cause the issues to be submitted to the jury, and no error, prejudicial to any right of the defendant, appearing, let the case be affirmed.

Affirmed.

PER CURIAM. Reversed, and remanded on authority of Ex parte Ford, 104 So. 840.