107 151
137 71

107 151
138 548
107 151
143 42

# Bailey v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Opinion of witness as to knowledge of a fact by defendant.*—It was error, in a prosecution for assault with intent to kill, to permit a witness to testify that defendant knew at the time of the difficulty that the person assaulted had been to obtain a warrant for his arrest, since the facts on which the witness formed the opinion should have been stated, and the conclusion therefrom left to the jury.

2. *Illegal testimony elicited on cross-examination.*—Where the evidence on cross-examination of a witness is directed to the credibility of a witness, large latitude of interrogation is permissible, but when

directed to a fact material to the issue, illegal or irrelevant testimony cannot be drawn out, which would not be received if the witness had been introduced by the party cross-examining.

APPEAL from the Circuit Court of Lee..
Tried before the Hon. J. W. FOSTER.

The appellant was indicted for an assault with intent to murder George Rowell, was found guilty as charged in the indictment, and sentenced to imprisonment in the penitentiary for five years.

The evidence for the State, as shown by the bill of exceptions, tended to show that while George Rowell, in company with two other persons, was coming from the town of Loachapoka to his home, the defendant and his brother overtook them, and when within a short distance of George Rowell, the defendant said to him : "You went to Loachapoka to-day to get a warrant for me." and immediately shot the said George Rowell in the back with a shot gun. It was also shown that the defendant and George Rowell had had a previous difficulty on the same day. The defendant's testimony tended to show that upon he and his brother meeting George Rowell with two other men, George Rowell said to the defendant, "You went to Loachapoka to get a warrant for me," to which the defendant replied, "Yes, I did, and you went to Loachapoka to get a warrant for me ;" and thereupon Rowell called the defendant a liar, and immediately struck him over the head with a stick, and that upon the said George Rowell assaulting the defendant again with the stick, he, the defendant, retreated 50 yards, and when Rowell was within a few feet of him, with his stick drawn as if to strike, the defendant raised his gun and shot him.

The solicitor for the State asked a witness for the defendant, on cross-examination, the following question : "Did not the defendant know that day, and before the shooting that George Rowell had gone to Loachapoka to get a warrant for him?" The defendant objected to this question, on the grounds that it was illegal, irrelevant and immaterial, and that its answer would be a conclusion of the witness. The court overruled the said objection, allowed the question to be asked, and to this ruling of the court the defendant duly excepted. Upon the witness answering "He did," the defendant moved

[Bailey v. The State.]

to exclude said answer upon the same grounds, and duly excepted to the court's overruling his motion. The defendant then asked the witness: ''If he knew whether or not George Rowell procured a warrant against the defendant?'' To this question the State objected, the court sustained its objection, and the defendant duly excepted. The defendant then offered to show that he had been informed before the shooting that George Rowell had not procured a warrant against him, by asking a witness ''Whether or not the defendant made any inquiry about the said warrant before a justice of the peace at Loachapoka? and if yea, what information did he receive?'' To each of these questions the court sustained the objections interposed by the State, and the defendant separately excepted to such rulings of the court. These rulings of the trial court upon the evidence are the only questions presented for review on the present appeal.

A. & R. B. BARNES, for the appellant.

WM. C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—Evidence to be competent, must consist of facts of which the witness has personal knowledge. If it be material to show a knowledge by a witness of a particular fact, it may be proper to inquire of him whether the fact was or was not known to him; of his own mental status he is competent to testify. The mental status, the cognition of another, is not a fact; it is of necessity matter of opinion or conclusion dependent on the facts from which the opinion is formed, or the conclusion drawn. The court below erred in permitting the witness to testify that the defendant knew at the time of the difficulty that Rowell had gone to Loachapoka to get a warrant for him. The facts on which the witness formed the opinion, or from which the conclusion was drawn, should have been stated; the resulting opinion or conclusion was matter lying within the exclusive province of the jury.—*P. & M. Bank v. Borland*, 5 Ala. 546; *Peake v. Stout*, 8 Ala. 498; *Whetstone v. Bank*, 9 Ala. 886; *Walker v. Walker*, 34 Ala. 473. It is not material that the evidence was drawn out on cross-examination. It is true that when a cross-examination is directed to the credibility of a witness, large latitude

of interrogation is permissible. But where the evidence is directed to a fact material to the issue, the cross-examination can not be made the medium of introducing illegal or irrelevant evidence ; evidence which would not be received, if the witness had been introduced by the party cross-examing. In *Bullock v. Wilson*, 5 Port. 338, it was said : ''If illegal evidence were allowable on cross-examination, instead of promoting truth, it would rather suppress it ; instead of aiding the jury in their deliberations, it would interpose obstacles, instead of enlightening, it would tend to obscure.'' We can not know whether the evidence exerted any influence on the minds of the jury or not ; that is matter of speculation we are not inclined to indulge ; the presumption of injury to the defendant arises, which we can not say is affirmatively repelled by any matter appearing in the record.

As the judgment must be reversed, we deem it necessary to say in reference to the exclusion of the evidence offered by the defendant, that if his knowledge of the fact of the effort to procure the warrant, or of the fact of its issue was material, it was his right to offer evidence controverting either fact. If the offer included secondary, or illegal evidence, the irregularity can be corrected on another trial.

Reversed and remanded.