(82 South. 557)

### SPURLOCK v. STATE. (8 Div. 636.)

(Court of Appeals of Alabama. July 21, 1919.)

**1. LARCENY ⊂⇒68(1)—EVIDENCE—JURY QUESTION.**

Evidence of defendant's presence at the time and place where money was stolen, and of the taking of some money, *held* to justify submitting the case to the jury, though the evidence was uncertain as to the number of bills taken, and there was evidence that the stolen money was not found on defendant when he was searched, before he had opportunity to dispose of it.

**2. WITNESSES ⊂⇒248(2)—EXAMINATION—RESPONSIVENESS OF ANSWER.**

Where, in answer to the question whether the prosecuting witness got back the stolen money from defendant, witness replied, "Through his father," the answer was not responsive to the question, and should have been stricken.

**3. CRIMINAL LAW ⊂⇒448(2)—EVIDENCE—CONCLUSION.**

Testimony by prosecuting witness that he got back the stolen money from defendant through his father embodied a conclusion that the father was acting as defendant's agent, and should have been stricken.

**4. CRIMINAL LAW ⊂⇒448(11) — EVIDENCE — OPINION—DEMEANOR OF DEFENDANT.**

In a criminal prosecution, it was error to sustain objection to cross-examination of a state's witness as to whether the conduct of accused, at the time and place of the larceny, was such as to excite suspicion.

**5. CRIMINAL LAW ⊂⇒448(10) — EVIDENCE — MENTAL STATE.**

Testimony by a witness that accused "appeared to know about the silver" was testimony to the mental cognition of another, and should have been excluded.

**6. CRIMINAL LAW ⊂⇒641(1)—TRIAL—STATEMENT BY COUNSEL—FACTS TO BE PROVED.**

The denial to counsel for accused of the right to state what he expected to show by witness was an invasion of the constitutional right of accused to be heard by himself and counsel.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Charles Spurlock was convicted of grand larceny, and he appeals. Reversed and remanded.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. E. Smith, of Huntsville, for appellant.
J. Q. Smith, Atty. Gen., for the State.

BROWN, P. J. [1] The appellant was convicted of grand larceny. The property alleged to have been taken is "two $10 bills, paper money of the United States of America." the personal property of A. L. King. King testified as a witness for the state that:

"Some money ($40) was taken from my store at night on November 23, 1918, between 10:30 and 11 o'clock p. m. I was not in the store at the time. My store and dwelling apartment are in the same building, and there is a door that leads from the store into the dwelling apartment. At the time the money was taken I was in the dwelling. I did not see the defendant before the money was taken. When I left the store to go into the dwelling side, the money was in the cash drawer. I left some one in the store. When I got back the money was gone and I saw the defendant. He was not in the store when I went out, but was there when I returned and missed the money. He was at the end of the counter and about four feet from the cash drawer from which the money was taken. No one else was in there besides him. I am positive that one or more $10 bills were taken from the cash drawer. There were also one or more $5 bills taken. The balance was in silver. The defendant was at the end and he went out the way I came in. Later on I saw him in an automobile in front of my store. The car had just driven up, and Harry Weaver and Floyd Graves were with him in the car. The officers had come up in the meantime and they arrested him and carried him to town."

The evidence further tended to show that the defendant was searched by the officers and the money alleged to have been stolen was not found on his person. It also tended to show that he had no opportunity of disposing of it before he was searched.

It is not shown how much, or approximately how much, money was in the cash drawer before the alleged larceny, or what amount was left there after this alleged larceny, and the testimony of the witness is manifestly uncertain as to the number of bills taken. The evidence was sufficient to justify the submission of the case to the jury, and we are not able to say that it was error to overrule the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

[2, 3] During the examination of King, he was asked by the solicitor, "Did you get the money back?" and the defendant objected to this question and the court said: "Well, if he got it back from the defendant, he can state it. Did you get from the defendant?" To the question, the witness answered, "Through his father." The answer was not responsive to the question, and, besides, embodied a conclusion of the witness that defendant's father, in paying the money to the witness, was acting as the defendant's agent, and with his knowledge and approval. The court erred in overruling the defendant's motion to exclude this answer.

[4] The court also erred in sustaining the solicitor's objection to the question asked the witness King on cross-examination eliciting evidence as to whether the conduct and manner of the defendant while he was in the store was such as to excite suspicion. Long v. Seigel, 177 Ala. 338, 58 South. 380.

[5] The defendant's motion to exclude the statement of the witness Price, "but he appeared to know about the silver," should have been granted. It is not permissible for a witness to testify as to the mental cognitions of another. Bailey v. State, 107 Ala. 151, 18 South. 234.

[6] The action of the court in denying to defendant's counsel the right to state what he expected to show by the witness J. B. Spurlock was an invasion of the defendant's constitutional right to be heard by himself and counsel. Chandler v. State, 12 Ala. App. 287, 68 South. 536; Sellers v. State, 7 Ala. App. 78, 61 South. 485; Brand v. State, 13 Ala. App. 390, 398, 69 South. 379.

For the errors pointed out, the judgment of the circuit court is reversed.

Reversed and remanded.