(92 South. 239)

**THOMAS v. STATE.  (4 Div. 707.)**

(Court of Appeals of Alabama.  Feb. 7, 1922.)

**Criminal law ⊕═1036(8), 1063(4)—Sufficiency of evidence not reviewed, when no objections made and no motion for new trial filed.**

Where accused made no objection to any part of the testimony offered by state, and the state made no objection to testimony of accused, and all written charges requested by accused were given, and he filed no motion for new trial, as was his right, under Acts 1915, p. 722, the sufficiency of the evidence cannot be reviewed.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Jim Thomas, alias, was convicted of violating the prohibition law, and he appeals. Affirmed.

W. S. Huey and J. C. Fleming, both of Enterprise, for appellant.

Counsel discuss evidence, with the insistence that it does not sustain the conviction, and they cite authorities to support their contention, but in view of the opinion it is not deemed necessary to here set them out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J.  The defendant was convicted under an indictment which contained two counts, the first charging that he did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors, a part of which was alcohol, subsequent to January 25, 1919, and the second charging that he did manufacture, sell, give away, or have in possession a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages. His sentence was fixed at an indeterminate term of not less than two nor more than three years in the penitentiary.

A reading of the bill of exceptions discloses that there was no objection made by the defendant to any part of the testimony offered by the state, nor was there any objection raised by the state to the testimony offered by the defendant. So far as the record discloses, all written charges requested by the defendant were given, the general affirmative charge not being requested by the defendant. Neither does the record disclose that the defendant filed a motion for new trial, as he had the right to do under act approved September 22, 1915 (Acts 1915, p. 722). In the face of this condition of the record, no matter what our opinion might be as to the sufficiency of the evidence, as disclosed by the bill of exceptions, we are powerless to make any review of this aspect of the case.

We have examined the record, and find no reversible error, and the judgment of conviction must therefore be affirmed.

Affirmed.