## MITCHELL v. STATE. (7 Div. 851.)

(Court of Appeals of Alabama. May 29, 1923.)

1. Criminal law ⬤═1036(8) — Sufficiency of evidence to prove venue not considered unless ruling invoked.

Whether evidence is sufficient to prove venue in the criminal case is for the jury, and the appellate court will not interfere unless the ruling of the trial court was invoked on the sufficiency of the evidence, and such ruling made the ground of attack.

2. Criminal law ⬤═452(1)—Witness properly qualified may testify that meal and water are used for making liquor.

In a prosecution for violating the prohibition law, where a witness qualified by stating that he was familiar from observation with the making of intoxicating liquor, it was not error to permit him to testify that meal and water were used for making liquor.

3. Criminal. law ⬤═828—Affirmative charge for defendant must be requested in writing.

A trial court will not be put in error for failing to give the affirmative charge for defendant in the criminal case where the same is not requested in writing, in view of Code 1907, § 5364, as amended by Acts 1915, p. 815.

4. Criminal law ⬤═1173(3)—Refusal of charges not applicable to count upon which conviction had no ground for reversal.

In a criminal prosecution, no error can be predicated upon refusal of charges not applicable to the court upon which conviction was had.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Joe Mitchell was convicted of violating the prohibition law, and appeals. Affirmed.

The witness Campbell having testified that he caught defendant and another person at a still, and that they had meal and water cooking in a vessel, the state propounded this question:

"I will ask you if you know of your own knowledge, from your experience in handling—observation—of the making of this illicit liquor, if that stuff you found there is what is used for making liquor?"

Over defendant's objection the witness was permitted to answer:

"Yes, sir. * * * That is a part of the process of making liquor, and I am familiar with that kind of business."

J. C. Burt, of Talladega, for appellant.

A witness, to testify as an expert, must first be shown to be such. McDonald v. Wood, 118 Ala. 589, 24 South. 86; Matthews v. Farrell, 140 Ala. 298, 37 South. 325. It is never permissible to introduce the opinion of an expert upon the very issue to be determined by the jury. Henry v. Davis, 149 Ala. 359, 43 South. 122, 13 Ann. Cas. 1090; Dumas v. State, 159 Ala. 42, 49 South. 224, 133 Am. St. Rep. 17.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The defendant, appellant, was charged in the first count of the indictment with distilling and in the second count with having in his possession a still. to be used for manufacturing prohibited liquors.

[1] There was evidence for the state that the alleged offense was committed in Talladega county, and evidence for the defendant that it was in Clay county. When there is no proof of venue, it is, when properly presented, a question for the court to pass upon; but when, as in the instant case, it is a question of the sufficiency of the evidence to prove the venue, it becomes a question for the jury, and this court will not interfere, unless the ruling of the trial court was invoked on the sufficiency of the evidence, and this ruling made the ground of attack. Pearson v. State,

5 Ala. App. 73, 59 South. 526; Hubbard v. State, 72 Ala. 164; Ragsdale v. State, 134 Ala. 24, 32 South. 674.

[2] The witness Campbell was properly qualified, and the trial court did not err in permitting him to testify that meal and water were used for making liquor. Veal v. State, ante, p. 168, 95 South. 783.

[3] Counsel for appellant insists that the trial court ex mero motu should have given the affirmative charge for the defendant on the second count. A trial court will not be put in error for failing to give the affirmative charge for the defendant where the same was not requested in writing. Section 5364, Code 1907, as amended by Acts 1915, p. 815. Furthermore, there was ample evidence to justify a conviction under the second count.

[4] Requested charges 1, 2, and 3 related to the alcoholic content of the liquor, and referred to in the first count, which charged distilling, etc. A conviction under the second count was an acquittal of the charge of distilling. No error can be predicated upon the refusal of the charges not applicable to the second count.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.