### Ex parte STATE ex rel. ATTY. GEN. HARBIN v. STATE.

(Supreme Court of Alabama. May 31, 1923. Rehearing Denied June 28, 1923.)

1. **Intoxicating liquors** ⬅139—**Quality of "possession" prohibited by statute defined.**

The "possession" of intoxicating liquor, prohibited by Act Jan. 25, 1919, § 2, subd. 2 (Gen. Acts 1919, p. 7), includes any possession by manucaption or physical dominion of however brief duration and in whatever capacity, if it be for the use, benefit, or enjoyment of the possessor or another, and not merely for the purpose of inspection or destruction.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Possession.]

2. **Criminal law** ⬅815(3)—**Instruction in prosecution for possession held properly denied.**

In a prosecution for possessing intoxicating liquor, where defendant's evidence tended to show that he had no interest in the liquor and only accompanied another to a place of concealment for the purpose of taking a drink, an instruction, "it is not an offense * * * merely to go with another * * * for the purpose of taking a drink of whisky and if * * * the defendant merely went with S.—to get a drink of whisky, and that the whisky belonged to S. and was in the possession of S., your verdict must be for defendant," *held* properly denied, as being misleading in its requirement of acquittal without excluding a possession for the purpose of taking a drink as the state's evidence tended to establish.

3. **Criminal law** ⬅829(4)—**Denial of instruction covered by another given held harmless error.**

Denial of an instruction as to defendant's liability, where he merely went with another to take a drink of whisky in a prosecution for possessing, *held* harmless error where the instruction was fully covered by others given.

Sayre, J., dissenting in part.

Certiorari to Court of Appeals.

Petition of the State of Alabama, on the relation of its Attorney General, for certiorari to the Court of Appeals, to review and revise the judgment and decision of said court in the case of G. L. Harbin v. State, 99 South. ——. Writ granted.

Harwell G. Davis, Atty. Gen., for appellant.

No brief reached the Reporter.

A. A. Griffith, of Cullman, for appellee.

Counsel argues the points treated in the opinion, but without citing authorities. . .

SOMERVILLE, J. The defendant was convicted on a charge that he "did have in his possession spirituous liquors * * *

contrary to law"—the prosecution being under subdivision 2 of section 2, of Act January 25, 1919, Gen. Acts 1919. p. 6.

The state's evidence was to the effect that the defendant, when arrested, had a jug of liquor in his arms, and was in the act of drawing the cork, and had on his person some bottles such as are used for holding liquor.

"The defendant, however," as the opinion of the Court of Appeals recites, "offered evidence tending to show that he had no interest in the liquor, that it was not on his premises, that he had merely gone with the other person, one Stubbs, and on the invitation of Stubbs to take a drink, and that he did not have the jug in his arms but had a dipper in his hand waiting for the jug to be opened, and before the jug was opened the sheriff and his deputies apprehended appellant and Stubbs and seized the liquor."

On this evidence the defendant asked the following charge:

"The court charges the jury that it is not an offense under the law for a person merely to go with another person to another place for the purpose of taking a drink of whisky and if, after consideration of the evidence in this case the jury are satisfied beyond a reasonable doubt that the defendant merely went with Stubbs to get a drink of whisky and that the whisky belonged to Stubbs and was in possession of Stubbs, your verdict must be for the defendant."

In holding that the trial judge's refusal to give this charge was reversible error, the Court of Appeals said:

"We hold that to constitute 'possession' or to 'possess' prohibited liquors, the person charged must either have a property interest in the prohibited liquors and have some dominion over it; or, in the absence of property interest, must have complete manucaption and dominion over the prohibited liquors; that it is not sufficient to show a mere temporary custody in the presence of the owner."

[1] We think that this view of the statute is erroneous, and we hold that the possession prohibited includes any possession by manucaption or physical dominion, of however brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit, or enjoyment of himself or any other person, and not merely for the purpose of inspection or destruction. It is none the less an unlawful possession because it is by the permission of the owner of the liquor, and in his immediate presence. It may be conceded that in such a case the owner — so called — would remain in the constructive possession of the liquor, and nevertheless his permissive custodian would have an actual possession which the statute prohibits.

[2] A majority of the court — ANDERSON, C. J., McCLELLAN, GARDNER, THOMAS, and MILLER, JJ., and the writ-

er — think that the charge in question was properly refused because it would have been misleading in its requirement of an acquittal without excluding such a possession by the defendant as the state's evidence tended to show. The defendant may have gone with Stubbs to get a drink of liquor which belonged to Stubbs and was in his possession, and, consistently with that hypothesis, the defendant may have taken the liquor into his own possession temporarily, when they came to the place of its concealment.

[3] But, if the charge be understood as plainly excluding any such possession by the defendant, we are all agreed that its refusal was harmless error, for the reason that it was fully and clearly covered by the oral charge given to the jury, which is made a part of the record proper, and to which we may therefore refer.

In this charge the trial judge said:

"If this was the whisky of Stubbs and not the whisky of Harbin, and Harbin had no interest in it, or connection with it, but was simply down there with Stubbs, when it was Stubbs' whisky, and did not take possession of it, then the fact that he was there with Stubbs around Stubbs' whisky would not authorize you to convict Harbin. But if Harbin had any interest in that whisky, or if Harbin went there and took charge of the whisky in any way; took it into his physical possession for the purpose of converting the whole of it, or any part, for his own purposes, he would be guilty.

"If he took into his possession for any purpose by which he was to use it himself, or get any use of it himself, then he would be guilty. Now, on the question of possession, that is the law as I see it and understand it. In other words, his mere presence there with Stubbs, if it was Stubbs' whisky, and he had no interest in it, or, if it was Stubbs' whisky, and if he took it up, knowing that it was whisky, for the purpose of throwing it out, or something of that kind, he would not be guilty. But if he picked it up, knowing it was whisky, for use in whole or in part by himself, then he would be guilty."

We think the judgment of the trial court should be affirmed.

The writ will be granted, the judgment of reversal will be set aside, and the judgment of conviction will be affirmed.

All the Justices concur.

SAYRE, J., limits his concurrence to the reversal of the judgment of the Court of Appeals, and the affirmance of the judgment of conviction, on the ground that the refused charge was fully covered by the oral charge given to the jury.

On Rehearing.

SOMERVILLE, J. The judgment of this court will be modified, and, instead of affirming the judgment of the trial court, the cause will be remanded to the Court of Appeals for further consideration.

All the Justices concur.