**DAWKINS v. STATE.** (3 Div. 463.)

(Court of Appeals of Alabama. Feb. 5, 1924. Rehearing Denied April 8, 1924.)

1. Intoxicating liquors ⇐238(1)—Evidence of manufacturing held sufficient to submit question of guilt.

Evidence of the manufacturing of prohibited liquors *held* sufficient to submit to the jury the question of guilt.

2. Intoxicating liquors ⇐233(1)—State may show what defendant was doing at time still was raided.

In a prosecution for the manufacture of intoxicating liquors and the possession of a still, it was competent for the state to show what defendant was doing at the time the officers raided the still.

3. Criminal law ⇐368(1)—Acts of another person present with defendant at still admissible as res gestæ.

In a prosecution for the manufacture of intoxicating liquors and the possession of a still, it was competent for the state to prove as a part of the res gestæ the acts of another person who was with defendant at the still.

4. Witnesses ⇐268(2)—Cross-examination of witness for defendant in liquor prosecution held not erroneous.

Where a witness for defendant in a liquor prosecution testified that on the night the still was found by the officers he left defendant at a certain house, the court did not err in permitting the solicitor to ask the witness on cross-examination, "Who else did you leave there?"

5. Witnesses ⇐268(1)—Broad latitude allowed in cross-examination.

A broad latitude is allowed on cross-examination; it being permissible to test witness' knowledge of the facts about which he is testifying, his accuracy, or sincerity.

6. Criminal law ⇐1036(8)—Sufficiency of evidence to convict cannot be tested first time on appeal.

The sufficiency of evidence to convict cannot be tested for the first time on appeal.

Appeal from Circuit Court, Lowndes County; Arthur E. Gamble, Judge.

Walt Dawkins was convicted of violating the Prohibition Law, and appeals. Affirmed.

James J. Mayfield, of Montgomery, for appellant.

Evidence that defendant was standing near a still, without more, is not sufficient to convict him of distilling. Hanson v. State, ante, p. 249, 96 South. 655; Guin v. State, ante, p. 67, 94 South. 788.

Harwell G. Davis, Atty. Gen., and Edwina Falkner, Asst. Atty. Gen., for the State.

The evidence of defendant's activity at the still was sufficient to go to the jury. Stewart v. State, ante, p. 389, 97 South. 684; Whitfield v. State, ante, p. 326, 97 South. 168; Gidley v. State, ante, p. 318, 97 South. 170. No question of the sufficiency of the evidence being raised on the trial, the court will not be put in error on that account. Thomas v. State, 18 Ala. App. 390, 92 South. 239.

FOSTER, J. The indictment contained two counts. The first count charged the manufacture of prohibited liquors; the second count charged the possession of a still.

---

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The evidence for the state tended to show that the defendant and one Hawk Hall, together with some negroes, were working at certain stills about 10 o'clock at night, and that whisky was being manufactured. There were four stills found in operation in the woods about two miles from the defendant's home.

[1, 2] The evidence was sufficient to submit to the jury the question of the guilt vel non of the defendant. Stewart v. State (Ala. App.) 97 South. 684; [1] Whitfield v. State (Ala. App.) 97 South. 168.[2] It was competent for the state to show what the defendant was doing at the time the officers raided the still.

[3] It was also competent for the state to prove as a part of the res gestæ the acts of another person who was with the defendant at the still.

[4, 5] One Herbert Williams, a witness for defendant, testified that on the night the still was found by the officers, the defendant was at Mac Dawkins' house; that witness left there about 12 o'clock and left the defendant there. It was not error for the court to permit the solicitor for the state to ask the witness on cross-examination, "Who else did you leave there?" A broad latitude is allowed on cross-examination. Questions may be asked to test the witness' knowledge of the facts about which he was testifying, his accuracy, or his sincerity.

[6] No exception was reserved to the court's oral charge, no charge in writing was requested by the defendant, no motion for new trial was made, and the sufficiency of the evidence to convict cannot be tested for the first time on appeal. Thomas v. State, 18 Ala. App. 390, 92 South. 239.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.