## HORTON v. STATE. (8 Div. 201.)

(Court of Appeals of Alabama. July 22, 1924. Rehearing Dismissed Aug. 19, 1924.)

**1. Criminal law ⬉995(2)—Judgment held sufficient to show presence of accused during trial and at sentence.**

Judgment of conviction in liquor prosecution *held* sufficient to show presence of accused during trial and at sentence.

**2. Intoxicating liquors ⬉240—Verdict of guilty of violating prohibition law held responsive to charge of possessing prohibited liquor.**

In prosecution for possession of prohibited liquor, verdict of guilty of violating prohibition law *held* responsive to charge.

**3. Intoxicating liquors ⬉238(1)—Evidence of possession of liquor held to establish prima facie case.**

Evidence of possession of liquor *held* to establish prima facie case, and hence general charge was properly refused.

**4. Intoxicating liquors ⬉233(2)—Testimony as to bottles not connected with those found held properly rejected as irrelevant.**

In prosecution for possessing prohibited liquor, being a few drops found in bottles in accused's home, testimony to show that accused's son collected and sold bottles, which was not connected with bottles found in accused's home, was properly rejected as irrelevant.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Earl Horton was convicted of violating the prohibition law, under an indictment charging possession of prohibited liquor contrary to law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Horton, 211 Ala. 614, 101 So. 528.

The evidence for the state tended to show that two officers went to the house of the defendant and found in a room, where defendant was not present at the time, a number of empty bottles and either a half gallon or a gallon bottle, testified by one of them to contain "not over a tablespoonful and probably a teaspoonful of liquor, * * * just

a few drinks, just a small amount," and by the other "only an odor of whisky, * * * just a few drops." Both witnesses testified that defendant said he had drunk the whisky that was in the bottle.

Evidence for defendant tended to show that the bottles found were taken from a trash pile near the house by his son, whose practice it was to collect bottles and sell them to one Lile, a junk dealer. Testifying as a witness for defendant, Lile was asked whether there was a trash pile near defendant's house, whether he had seen any bottles of the kind found in defendant's house in that pile, and whether he had frequently bought empty bottles of the kind from defendant's son. To each of these questions the state objected, and the objections were by the court sustained.

The affidavit upon which defendant was tried charged that he "had in his possession prohibited liquors contrary to law." The judgment entry recites:

"Came the solicitor, who prosecutes for the state, and the defendant, in his own proper person and by attorney, and the defendant, being arraigned upon an affidavit charging him with violating the prohibition law pleads not guilty. Thereupon came a jury of good and lawful men, to wit, Eugene Bailey and eleven others, who being duly sworn and impaneled according to law. upon their oaths say: 'We, the jury, find the defendant guilty and assess a fine of $50.' And the same being considered by the court it is ordered and adjudged that the defendant be and he is hereby adjudged guilty as found by the jury, and that a fine of $50 be and the same is hereby assessed against him for said offense, together with all the costs of this prosecution.

"The defendant now being personally present in open court, and having failed to pay or secure said fine and costs, and being asked by the court if he had anything to say why the sentence of the law should not now be pronounced upon him, says nothing, and the same being considered by the court, it is ordered and adjudged, and it is the judgment and sentence of this court that the defendant, Earl Horton, be and he is hereby sentenced to hard labor for the county of Morgan for a period of twenty days to pay said fine of $50 and to a further period of eighty days at the rate of 75 cents per day to pay $60.60 costs of this prosecution. It is further considered, ordered, and adjudged by the court that this defendant. Earl Horton, be and he is hereby sentenced to hard labor for the county of Morgan for a period of six months as additional punishment for said offense."

Wert & Hutson, of Decatur, for appellant.

It is essential that defendant be present when sentence is pronounced upon him. Slocovitch v. State, 46 Ala. 227. The judgment entry is insufficient in that it fails to show the offense charged. There is no offense known as "violating the prohibition law." 25 Nev. 346, 60 P. 217, 83 Am. St. Rep. 603.

Defendant should have been permitted to show by witness Lile that empty bottles were taken from the trash pile and sold by defendant's son. Mattison v. State, 55 Ala. 224; Alsabrooks v. State, 52 Ala. 24; Whitaker v. State, 106 Ala. 30, 17 So. 456; Curtis v. State, 118 Ala. 125, 24 So. 111.

Harwell G. Davis, Atty. Gen., for the State.

No brief reach, the Reporter.

SAMFORD, J. [1, 2] The judgment sufficiently shows the presence of the defendant during the trial and at the sentence, and a verdict finding and adjudging the defendant guilty of violating the prohibition law is responsive to the charge upon which the defendant is being tried.

[3] The evidence is sufficient to make out a prima facie case, and hence the general charge was properly refused. Ex parte Harbin v. State, 210 Ala. 55, 97 So. 426. Coupled with the voluntary admission of defendant that he had drunk the whisky from a jug or bottle, the question was for the jury, and eliminates the question of the smallness of the quantity.

[4] The testimony offered by the witness Lile was not connected with the bottles found in defendant's house and was therefore irrelevant.

We find no error in the record, and the judgment is affirmed.

Affirmed.