(101 So. 906)

### GILCHRIST v. STATE.   (8 Div. 171.)

(Court of Appeals of Alabama.   July 22, 1924.
Rehearing Denied Aug. 19, 1924.)

**1. Intoxicating liquors ⨺139—Possession, sale, and delivery of whisky held offense.**

Possession and sale of half pint of whisky *held* violation of prohibition law.

**2. Criminal law ⨺789(15)—Instruction to acquit, if there was probability of defendant's innocence, held properly refused as misleading.**

Charge that, "if there is a probability of defendant's innocence, you should find him not guilty" *held* properly refused as misleading.

Appeal from Lawrence County Court; W. R. Jackson, Judge.

Ed Gilchrist was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by the Supreme Court in Gilchrist v. State, 212 Ala. 186, 101 So. 907.

Charge 2, refused to defendant, is as follows:

"Even though you should find defendant guilty, you are authorized to impose a fine less than the minimum fixed by the statute, $50."

S. A. Lynne, of Decatur, for appellant.

Charge 2 should have been given. Code 1907, § 7630; Harkey v. State, 13 Ala. App. 201, 68 So. 698.

Harwell G. Davis, Atty. Gen., for the State.

- Brief of counsel did not reach the Reporter.

SAMFORD, J.   [1] The evidence in this case is to the effect that defendant possessed at least one-half pint of whisky, which he sold and delivered to the state's witness. This is a violation of the statute. Ex parte State ex rel., etc., v. Harbin, 210 Ala. 55, 97 So. 426.

[2] The charge, "if there is a probability of defendant's innocence, you should find him not guilty," while here insisted on as error, appears from the record to have been given. Moreover, this charge has been held bad in Edwards v. State, 205 Ala. 160, 87 So. 179, and consistently since that time.

Refused charge 2 is misleading.

We find no error in the record, and the judgment is affirmed.

Affirmed.