(103 So. 90)

### HONEYCUTT v. STATE. (8 Div. 259.)

(Court of Appeals of Alabama. Nov. 11, 1924. Rehearing Denied Feb. 17, 1925.)

**1. Criminal law ⬅236(6½)—General objection to evidence availing only when inadmissible for any purpose.**

General objection to evidence is availing only when evidence is palpably inadmissible for any purpose.

**2. Intoxicating liquors ⬅236(6½)—Evidence of possession held sufficient in view of admission of drinking.**

Evidence as to illegal possession of intoxicating liquor *held* sufficient, in view of defendant's admission on cross-examination that he had taken two drinks of whisky on afternoon in question and shortly before his arrest.

**3. Criminal law ⬅1028—Conviction not disturbed on ground that defendant was compelled to testify before grand jury, in absence of showing in record.**

Conviction of illegal possession of liquor will not be disturbed on ground that defendant was compelled to testify before grand jury to facts and circumstances attending same transaction for which he was prosecuted and convicted, where no plea to this effect was interposed and nothing in record sustains contention.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Arthur Honeycutt was convicted of violating the Prohibition Law, and he appeals. Affirmed.

J. Foy Guin, of Russellville, for appellant.

No person can be compelled to be a witness against himself. State v. Pence, 173 Ind. 99, 89 N. E. 488, 25 L. R. A. (N. S.) 818, 140 Am. St. Rep. 240, 20 Ann. Cas. 1180; Code 1923, § 4635; Acts 1915, p. 12, § 12. The bill of exceptions conforms to the statute. Local Acts 1923, p. 278, § 30.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

By taking a drink of it, defendant was in possession of liquor. Ex parte State, 210 Ala. 55, 97 So. 426.

BRICKEN, P. J. The former opinion in this cause, rendered on November 11, 1924, is withdrawn and held for naught. This opinion is substituted and shall be decisive of this appeal.

The appeal in this case appears to have been prepared, and presented to this court, under the terms of a local statute. Local Acts 1923, pp. 278, 279, § 30. We shall refrain from passing upon the validity of that statute, as the question is not here presented. Its provisions, however, are unusual and result in dumping upon this court, for its consideration, a heterogeneous conglomerate mass of proceedings, including all questions propounded to witnesses and their answers; all remarks of the court or counsel, etc.; in fact, a full stenographic report of everything said and done by all persons connected with the trial, and a transcript of all this, when filed, this statute says shall constitute the legal bill of exceptions in said cause. Under the terms of this unusual statute, not even the signature of the trial judge is required to the bill of exceptions, nor is it necessary

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to be presented to the trial judge. All this in the teeth of every rule of the Supreme Court and of this court and of the general statutes bearing upon the question of bills of exceptions, their preparation and presentation, etc.

This appellant, defendant in the court below, was charged by indictment with the offense of violating the prohibition laws of the state, by being in possession of alcoholic, spirituous, or malt liquor contrary to law.

[1] During the trial of this case several exceptions were reserved to the rulings of the court upon the admission of testimony. None of these exceptions contain merit, for in these several rulings the court committed no error injuriously affecting the substantial rights of the defendant. Moreover, the exceptions are abortive in that no grounds of objection were interposed. A general objection to evidence is availing only when the evidence is palpably inadmissible for any purpose. Washington's Case, 106 Ala. 58, 17 So. 546.

[2] Under the evidence in this case the defendant was not entitled to an acquittal as a matter of law. The evidence was in conflict, and there was sufficient testimony to sustain the judgment of conviction. The defendant himself on cross-examination admitted that he had taken two drinks of whisky on the afternoon in question and a short time before he was arrested for having whisky in his possession. See Ex parte State ex rel. Attorney General Harbin v. State, 210 Ala. 667, 99 So. 100.

[3] By supplemental brief for appellant it is insisted that a conviction of this defendant could not be had for the reason he was compelled to testify before the grand jury as to the facts and circumstances attending the same transaction for which he was prosecuted and convicted in the court below. The record fails to bear out this insistence. No plea to this effect was interposed, nor is there anything in the record to sustain this contention. See Burt v. State, ante, p. 296, 101 So. 768; also, Ex parte John Burt, 212 Ala. 96, 101 So. 770.

We find no reversible error in the rulings of the court; therefore the judgment of conviction appealed from is affirmed.

Affirmed.