.PRESCOTT et al. v. STATE. (4 Div. 964.)

(Court of Appeals of Alabama. Dec. 16, 1924. Rehearing Denied Jan. 20, 1925.)

1. Criminal law ☞1033(2)—Failure to prove venue not considered, where not raised below.

Error in refusing to grant new trial, because no proof was made of venue in prosecution for violating prohibition law, will not be considered, where defendant failed to comply with circuit court rule 35, by bringing omission to attention of trial court.

2. Criminal law ☞448(3) — Cross-question whether witness for state knew he had no right to shoot at car improper.

Cross-question asked state's witness, in prosecution for violating prohibition law, whether he knew he had no right to shoot at certain car, was properly excluded, as calling for uncommunicated mental status, and for opinion on question not being litigated.

3. Criminal law ☞1170½(2)—Witnesses ☞277(2) — Cross-question asked defendant, whether liquor had not previously been found at his place, not erroneous.

Overruling objection to cross-question, asked defendant in prosecution for violating prohibition law, whether it was not true that officers at one time found rum at his place, is not erroneous, in view of wide latitude necessarily allowed on cross-examination, and where answer was favorable to defendant.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Dothan Prescott and Ike Prescott were convicted of violating the prohibition law, and they appeal. Affirmed.

Rowe & Rowe, of Elba, for appellants.

Evidence tending to show animosity or bias of state's witness toward the defendant should have been admitted. McSwean v. State, 10 Ala. App. 162, 64 So. 543; Terry v. State, 13 Ala. App. 115, 69 So. 370; Arnold v. State, 18 Ala. App. 453, 93 So. 83; Anderson v. State, 18 Ala. App. 585, 93 So. 279. The question asked Homer Prescott on cross-examination was objectionable. Lakey v. State, 206 Ala. 180, 89 So. 605; Tuggle v. State, 19 Ala. App. 541, 98 So. 815; Webster v. State, 19 Ala. App. 587, 100 So. 202; Williams v. State, ante, p. 257, 101 So. 368.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] It is first insisted that the court erred in refusing to grant a new trial, because no proof was made of the venue. While this may be true, it is admitted that the defendant did not comply with circuit court rule 35, by bringing the omission to the attention of the trial court. Since the question was not properly raised on the trial, it cannot be raised for the first time on motion to set aside the verdict. Wadsworth v. State, 18 Ala. App. 352, 92 So. 245.

[2] It is now insisted that the court erred in sustaining the state's objection to the question propounded to a state's witness on cross-examination:

"Did you know that you all didn't have any right that night out there to shoot at that car?"

This question called for an uncommunicated mental status, and also for an opinion on a question not then being litigated, as to which a witness may not testify. Hembree v. State, ante, p. 181, 101 So. 221; Hill v. State, 18 Ala. App. 172, 90 So. 62.

[3] On the cross-examination of Homer Prescott, son of one of the defendants, he was asked:

---

"The officers went there to your place one time, and found some rum on your place, didn't they?"

Objection to this question was overruled. The witness then answered:

"They found some rum in the woods below my house one time. They never found any at my house. I never made none in my life."

A wide latitude must, of necessity, be allowed on cross-examination, and for that reason the court does not hold the ruling above to have been prejudicial error. Stevenson v. State, 18 Ala. App. 174, 90 So. 140. Moreover, the answer was favorable to defendant, and therefore, if error, the question did not injuriously affect the defendant.

After reading and considering the whole record, we are of the opinion that no substantial rights of the defendant have been injuriously affected, and therefore, the record being free from error, the judgment is affirmed.

Affirmed.