**BYNUM v. STATE.** (8 Div. 314.)

(Court of Appeals of Alabama. March 24, 1925. Rehearing Denied May 19, 1925.)

1. **Intoxicating liquors** ⊂⇒216—**Indictment for possession held sufficient without stating kind of liquor.**

Indictment, charging that defendant had in his possession "prohibited liquors" contrary to law, *held* sufficient, though it did not set out kind or character of liquor possessed.

2. **Criminal law** ⊂⇒390—**Defendant cannot testify to uncommunicated motive or intent as to meaning of statement by him, nor can another testify as to his state of mind.**

In prosecution for possessing intoxicating liquors, defendant could not testify to uncommunicated motive or intent as to meaning of statement by him concerning his claim to whisky, nor could another testify as to his state of mind.

3. **Intoxicating liquors** ⊂⇒139—**Defendant drinking liquor held guilty of illegal possession, whether or not he stated he was joking when he claimed whisky.**

Defendant, admitting drinking liquor which another found, and which defendant claimed, was guilty of possessing liquor in violation of prohibition laws as charged, whether or not he had previously stated that he was joking when he claimed whisky.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Clarence Bynum was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Bynum, 104 So. 835.

The indictment is as follows:

"The grand jury of said county charge that before the finding of this indictment Clarence Bynum had in his possession prohibited liquors contrary to law against the peace and dignity of the state of Alabama."

Defendant interposed demurrer to the indictment upon the grounds (1) that it states no offense; (2) that the kind or character of liquor possessed by defendant is not set out; and (3) that the allegation that defendant possessed prohibited liquors is a mere conclusion of the pleader, the kind and character of said liquor not being set out or stated.

State's witness Prosser testified that one Tanner came into his shop with a half pint bottle of whisky said to have been found in an old wagon behind witness' shop; that a few minutes later the defendant came into the shop and was asked by witness if the whisky was his, and that defendant's reply was, "Hell; yes." On cross-examination of this witness defendant asked these questions:

"When you asked him if it was his whisky that Tanner had found, did you say it as a joke?"

"You said that to him in a joking manner?"

"When the defendant replied to you about it being his whisky did he say that in a joking manner?"

"Did you understand the defendant's reply to you to be a joke?"

The state's objection to each of these questions was sustained.

On examination of the defendant as a witness, he testified that he was asked by Prosser if the whisky was his and probably replied as Prosser stated he did. Whereupon he was asked if the conversation between Prosser and himself was in a joking manner. Objection by the state to the questions was sustained. Both Prosser and the defendant testified that they, with Tanner, drank the whisky in Prosser's shop.

G. O. Chenault, of Albany, for appellant.

Defendant should have been allowed to prove the conversation about the ownership of the whisky was a joke. May v. State, 167 Ala. 36, 52 So. 602; Burton v. State, 107 Ala. 108, 18 So. 284; State v. Houston, 78 Ala. 576, 56 Am. Rep. 59; Thornton v. State, 113 Ala. 43, 21 So. 356, 59 Am. St. Rep. 97; Sharp v. State, 193 Ala. 22, 69 So. 122; Jenkins v. State, 82 Ala. 25, 2 So. 150; Carney v. State, 79 Ala. 17.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Defendant could not properly state his uncommunicated motive or intention as to the

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

meaning of his statement. Granberry v. State, 182 Ala. 4, 62 So. 52. Nor could another testify as to the state of mind of defendant. Spurlock v. State, 17 Ala. App. 109, 82 So. 557. Defendant had the whisky in his possession and he was guilty. Ex parte State, 210 Ala. 55, 97 So. 426.

RICE, J. [1] The defendant was convicted of violating the prohibition laws, and he appeals. The indictment was sufficient as against the demurrers interposed.

[2] It was correctly ruled that the defendant could not state in his own behalf an uncommunicated motive or intention as to the meaning of a certain statement attributed to him concerning his claim to the whisky. Granberry v. State, 182 Ala. 4, 62 So. 52. Nor could another testify as to the state of mind of the defendant as to this matter. Spurlock v. State, 17 Ala. App. 109, 82 So. 557.

[3] Anyway the defendant admitted having the liquor in his possession, and it is immaterial as to whether he had previously stated that he was joking when he claimed the whisky. He was guilty of violating the prohibition laws, as charged, under his own admission. Ex parte State ex rel., etc., Harbin v. State, 210 Ala. 55, 97 So. 426.

Finding no prejudicial error in the record, the judgment will be affirmed.

Affirmed.