(109 So. 554)

## DUNCAN v. STATE.　(7 Div. 159.)

(Court of Appeals of Alabama. June 1, 1926. Rehearing Denied Sept. 7, 1926.)

**1. Criminal law ⚖1165(1).**

Admission of charge by defendant renders prior errors harmless.

**On Rehearing.**

**2. Criminal law ⚖1141(2).**

Appellant must present record which shows error.

**3. Criminal law ⚖1033(2).**

If crime charged was committed in another county, the court's attention must be directed thereto by objections to testimony or by requested charge.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

John Duncan was convicted of unlawful possession of intoxicating liquor, and he appeals. Affirmed.

E. O. McCord & Son, of Gadsden, for appellant.

Counsel discuss the questions raised and treated, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Rulings on evidence were without error. Crosby v. State, 20 Ala. App. 344, 102 So. 459; Williford v. State, 20 Ala. App. 265, 101 So. 505.

SAMFORD, J. There are 46 assignments of error in this record, which is on appeal from a judgment convicting the defendant of unlawfully possessing whisky.

[1] After the whole question had been fought over and many exceptions reserved, the defendant cured any possible error which may have been committed by the trial court by admitting that, on the occasion he was charged with being in possession of liquor, he "took a drink out of a pint bottle," and admitted it to have been a part of the whisky in the automobile at the time charged in the affidavit. Under Harbin v. State, 210 Ala. 55, 97 So. 426; Honeycutt v. State, 20 Ala. App. 485, 103 So. 90; Wilson v. Orr, 210 Ala. 93, 97 So. 133; Gilchrist v. State, 20 Ala. App. 233, 101 So. 906; Bynum v. State, 20 Ala. App. 619, 104 So. 834; Vaughn v. State (Ala. App.) 107 So. 797 [1]—the testimony of defendant was an admission of the charge for which he was tried, which rendered all prior errors harmless.

There is no error prejudicial to defendant, and the judgment is affirmed.

Affirmed.

## On Rehearing.

Application is made for a rehearing in this case assigning three grounds in which it is claimed this court erred in affirming the judgment of conviction. The brief accompanying the application ignores the first two grounds, and insistence is made only to the third ground, to wit:

"This court erred in holding that defendant cured any possible error in the record by admitting he drank out of the pint bottle."

Supreme Court rule 38 requires that all applications for rehearing must be filed with the clerk of the court, accompanied by a brief for the applicant and a certificate of counsel that a copy of the brief has been delivered to opposing counsel, etc.

[2, 3] As to the third assignment, supra, the defendant testified without objection that he took a drink out of the bottle "a little piece" out of Jacksonville. How far out does not appear, but evidently on the way to Gadsden in Etowah county, where the arrest took place. There was no objection to this evidence and no request for the affirmative charge and no evidence that the taking of the drink from the bottle was not far enough from Jacksonville to have been in Etowah county. The duty rests upon the appellant to present a record which shows error, and if the crime charged was committed in a county other than that of trial, the court's attention must be directed to that point by objections to testimony or by requested charge. Prescott v. State, 20 Ala. App. 466, 103 So. 75; Mitchell v. State, 19 Ala. App. 248, 96 So. 653; Dawkins v. State, 19 Ala. App. 589, 99 So. 661; Parcus v. State, 19 Ala. App. 592, 99 So. 662.

The opinion is extended, and the application is overruled.

Application overruled.