(129 So. 483)

## SHURLEY v. STATE.
### 8 Div. 139.

Court of Appeals of Alabama.
June 30, 1930.

William Stell, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The trial of the appellant in this case in the court below was by the judge of the court, without a jury. He was charged with violating the prohibition law by having a bottle containing whisky in his possession. There is some conflict in the evidence, but no dispute that this appellant did have the bottle in question in his hands and either pitched it into the bushes by side of the road, or laid it there. This fact is admitted by defendant, but he testified he had no knowledge that the bottle contained whisky and that one Swinney, who was not a witness, handed him the bottle from the automobile in which they had been traveling, and told him to put, or throw,

it in the bushes. If the defendant testified truthfully in this connection, he was, of course, guilty of no offense; but if he knew the bottle contained whisky under the pronouncement of the Supreme Court in the case of Harbin v. State, 210 Ala. 55, 97 So. 426, he would be guilty. In that case the court said: "We hold that the possession prohibited includes any possession by manucaption or physical dominion, of however brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit, or enjoyment of himself or any other person, and not merely for the purpose of inspection or destruction. It is none the less an unlawful possession because it is by the permission of the owner of the liquor, and in his immediate presence. It may be conceded that in such a case the owner—so called—would remain in the constructive possession of the liquor, and nevertheless his permissive custodian would have an actual possession which the statute prohibits."

There was some evidence that he had been drinking; several witnesses testified they smelled whisky on his breath while talking to him at that time. Under all the evidence we think the question of his guilt or innocence of the crime charged was for the judge trying the case to determine. We accord to the judgment of conviction pronounced and entered as no error of a prejudicial nature occurred upon the trial.

Affirmed.