167 So. 352

**HAYNES v. STATE.**

8 Div. 287.

Court of Appeals of Alabama.

April 7, 1936.

167 So. 608

**LEWIS v. STATE.**

**4 Div. 213.**

Court of Appeals of Alabama.

April 14, 1936.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The state's case was made out by the testimony of one witness, and the defendant, while testifying, admitted the possession of the whisky charged in the affidavit. Since the case of Ex parte State ex rel. Attorney General (Harbin v. State), 210 Ala. 55, 97 So. 426, this court has consistently held that the possession of prohibited liquors includes any possession by manucaption or physical dominion, of however brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit, or enjoyment of the defendant or any other person, and not merely for the purpose of inspection or destruction. It is further held in the Harbin Case, supra, that it is nonetheless an unlawful possession because it is by the permission of the owner of the liquor and in his immediate presence.

In the instant case, the defendant, by his own testimony, admits possession of the whisky as hereinabove defined, and, while there may be some technical questions presented by the record constituting erroneous rulings of the court, none of these nor all of them combined could work a reversal of this case, in view of the admitted guilt of the defendant. Such errors, if any, were without injury.

The judgment is affirmed.

Affirmed.