194 So. 699

### TYSON v. STATE.

### 4 Div. 525.

Court of Appeals of Alabama.

Feb. 13, 1940.

Rehearing Granted March 12, 1940.

Roy L. Smith, of Phenix City, and Denson & Denson and L. J. Tyner, all of Opelika, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

The indictment under which this appellant was tried, convicted, and sentenced to serve imprisonment in the penitentiary for an indeterminate term of from three and one-half to four years, Code 1928, Sec. 5161, was, omitting the parts not material to our remarks, in words and figures as follows, to-wit: "The Grand Jury of said County charge that, before the finding of this indictment that Ernest L. Tyson, in an Equity case in the Circuit Court of Russell County, Alabama, In Equity, Northern Division, in which the said Ernest L. Tyson was Complainant and Maude Tyson was Respondent, being duly sworn by the Register of said Court, to-wit: W. L. Hobbs, who had authority to administer such oath, falsely swore, I am over the age of twenty one years, and a bona fide resident of Phenix City, Russell County, Alabama. Maude Tyson, is over the age of twenty one years, and a non-resident of the State of Alabama. Maude Tyson and myself were married on the 25th day of April, 1930, and lived together as man and wife until the 16th day of February, 1936, when she left me—she has been left me for more than two years—the matters so sworn to being material, and the oath of the said Ernest L. Tyson, in relation to such matters, being willfully and corruptly false."

It seems to us the appeal may be disposed of with very few words.

Appellant admits that he did falsely swear—in all respects as alleged, except as to the "willfully and corruptly," which we will touch on a little later—that he was "a bona fide resident of Phenix City, Russell County;" and that "Maude Tyson (was) a non-resident of the State of Alabama."

If he "willfully and corruptly" swore this he was guilty by his own testimony. So that became the sole question involved in his defense. All those numerous exceptions reserved to rulings on objections to questions to various witnesses as to when appellant and Maude Tyson "separated" therefore became unimportant. Duncan v. State, 21 Ala.App. 524, 109 So. 554.

As his defense to the charge that he "willfully and corruptly" swore falsely to

the matters above designated appellant sought to absolve himself of blame by "laying it on his lawyer"—i. e., the lawyer handling his divorce suit in which the false swearing was done. The learned and merciful trial judge allowed him full latitude in this respect—though we do not see that even granting that the story told by appellant was true—that he was misled as to what it was he was solemnly deposing to—not by the Register, but by another out of the Register's presence—that that would have been a defense to his crime.

However that may be, the jury found that he was not misled, but that he deliberately, that is, "willfully and corruptly," swore falsely to the matters to which he now admits he swore; and which he now admits are and were false.

Let the judgment be affirmed.

Affirmed.

## On Rehearing.

Upon reconsideration of this case we have concluded that an error was committed for which the judgment of conviction must be reversed.

One of the charges included in the indictment against appellant was that he did "willfully, corruptly, and falsely" swear that he and his wife, Maude Tyson, "lived together as man and wife until the 16th day of February, 1936, when she left me (him)."

Upon his trial, appellant swore that the matter in the quoted allegation was true.

His wife, Maude Tyson, swore that it was false—thus creating a conflict between his testimony and hers that, for all we can say, the jury may have considered material.

In this state of affairs, after the witness Maude Tyson had testified without objection that Mr. Wallace (an attorney practicing at the bar) was "representing her here now"—meaning at the trial of appellant, below—she was asked by appellant's counsel: "What fee have you agreed to pay him?"

Objection by the State to the above question was sustained by the court. And in this we think error—which may have been very prejudicial to appellant—was committed.

The principle of law involved is exactly that given statement, upon what we yet think ample authority, by our holding on rehearing in the case of Williams v. State, 21 Ala.App. 227, 107 So. 37.

The application for rehearing is granted, the former judgment of affirmance is set aside; the opinion thus extended; and, for the error indicated the judgment is reversed and the cause remanded.

Application granted; reversed and remanded.