LEIGH M. CLARK, Supernumerary Circuit Judge.
Presented by appellant’s brief as the only basis for a reversal of his conviction of murder in the first degree are several instances in which the trial court sustained the State’s objections to questions asked witnesses for the State on cross-examination.
Hardly in any of the instances complained of by appellant can it be said an important witness was being cross-examined at the time of the particular question on any matter which tended to indicate bias of the witness. In such a situation, the reins of the trial court’s bridle of discretion are more tightly drawn than usual. Wells v. State, 292 Ala. 256, 292 So.2d 471.
We consider the rulings complained of in the sequence presented in appellant’s brief.
The first was in sustaining State’s objection to a question asked on cross-examination by defendant of Spate’s witness, the operator of the “shot house” where the killing occurred. The text and context are as follows:
“Q Let me ask you this: Did you see Dean Adkins down there?
“A Yes, he was there.
“Q Now, were you there when Frederick Boone [the deceased] pulled a pistol on Dean Adkins? Do you remember that?
“A No, I didn’t see that.
“Q Do you remember Dean Adkins and his girlfriend being there?
“MR. MORGAN: Your Honor, the State will object to impermissible leading at this point. Mr. Jeff is testifying.
“THE COURT: I sustain the objection.”
The question contains a factual assumption not in evidence, and for that reason the objection was properly sustained. Byrd v. *105 State, 51 Ala.App. 234, 283 So.2d 683. In McElroy, Law of Evidence in Alabama, § 121.06, it is stated:
“As a general rule, a question to a witness which assumes the existence of a material fact to which he has not testified is an improper question; and this is true whether such question is asked on direct or on cross-examination.”
It is to be noted that it had already been stated by the witness on cross-examination that he had seen Dean Adkins “down there,” but there was no testimony that his girlfriend was also “down there.” If the addition of the girlfriend to the question to which an objection was sustained was the addition of a material fact, the question was improper; if the added assumed fact was not material, there is no just ground for complaint.
Defendant asked one witness on cross-examination, “Why did he [the deceased] threaten you?” and another, “And he thought you all turned him [the deceased] in on the armed robbery?” Each of the questions called for testimony as to the mental operation of another, and the State’s objection thereto was properly sustained. Bailey v. State, 107 Ala. 151, 18 So. 234; Spurlock v. State, 17 Ala.App. 109, 82 So. 557; Whigham v. State, 20 Ala.App. 129, 101 So. 98; Hembree v. State, 20 Ala. App. 181, 101 So. 221; Bynum v. State, 20 Ala.App. 619, 104 So. 834; Poellnitz v. State, 48 Ala.App. 144, 262 So.2d 631.
Another cross-examination question asked a witness for the State was, “Had you ever seen him [the deceased] with a gun before? The witness had just answered an inquiry on cross-examination whether he had seen anything in the pockets of deceased the day of the killing while he and deceased were at the “shot house,” and he had replied in the negative. Whether deceased had “ever” before been seen by the witness with a gun was too remote to have had any material bearing on the issues in the case, including defendant’s claim of self-defense and particularly defendant’s testimony to the effect that he thought the deceased was reaching for a gun when defendant shot him with a sawed-off shot gun immediately after defendant entered the “shot house” for the admitted purpose of a confrontation with deceased about the previous difficulty between them.
A detective, who testified as to what he had learned when he arrived at the scene of the killing, was asked on recross examination whether he had been looking for the deceased “earlier that day.” It was not error for the court to sustain the State’s objection to the question. It had no apparent relevancy, and the trial court was not apprised of any claimed relevancy.
One of the witnesses for the State, who knew both defendant and deceased and who had gone with defendant to the “shot house” just before the killing and had entered the “shot house” with defendant and witnessed the killing, testified on cross-examination that he had previously been to the “shot house” the same night and had seen the deceased there. He said on further cross-examination he was there only two or three minutes and left through the back door, that the reason he left through the back door was that he was trying to dodge trouble with “Frederick, the dead man.” He was then asked, “Well, why didn’t you tell the Jury about that?”, to which question the court sustained the State’s objection. Then the following occurred:
“Q You say you were trying to dodge trouble?
“A Right.
“Q Well, was it what he said to you or the way he looked at you, or what made you think there was reason for you to be trying to dodge trouble?
“MR. MORGAN: Your Honor, the State objects.
“THE COURT: Sustained.
“MR. MORRIS: Judge, we were doing that for the purpose of showing bias and prejudice of this witness.
“THE COURT: As to that question, I sustain the objection.”
The rule, which prevailed even before Starr v. Starr, 293 Ala. 204, 301 So.2d 78, that *106 permitted questions on cross-examination as to the reason, purpose, intent or the like of a witness as to his acts testified to by him on direct examination was held to be self-restrictive, that is, that such questions as to acts shown for the first time on cross-examination were improper. Williams v. State, 123 Ala. 39, 26 So. 521; Patton v. State, 197 Ala. 180, 72 So. 401; McElory, Law of Evidence in Alabama, § 102.07(6). Starr v. Starr does not so relax such restriction as to justify a reversal of the trial court for sustaining objections to such questions in the exercise of an unabused discretion, which we accord the trial court as to its rulings under consideration.
The witness was also asked on cross-examination whether defendant had said, just before he obtained the shotgun from the automobile at the “shot house,” that he had better get himself some protection. An objection by the State was sustained. However, almost immediately thereafter, the witness was allowed to give in evidence substantially the same testimony as that called for by the question to which the objection was sustained, which rendered harmless the action of the trial court in sustaining the objection.
A witness for the State was asked on cross-examination whether another witness for the State “has had the reputation of operating a shot house down there?” No injury to defendant could have occurred by reason of the action of the trial court in sustaining the State’s objection to such question, for the undisputed evidence, including the admission of the other witness himself, showed that he was at the time, and had been, “operating a shot house down there.”
A witness for the State was asked on cross-examination “Tell the jury the truth. Weren’t all of you drunk?” The witness had been asked twice whether another person was drunk, and she had twice replied that she didn’t know. The State objected to the question whether all of them were drunk,-on the ground that counsel for defendant was “badgering the witness.” We are unable to say that the question itself constituted “badgering the witness,” but much would depend upon the action and attitude of defendant’s counsel at the time of the question, which on the record alone we cannot assay. It seems that perhaps the trial court did not conclude that defendant’s counsel had badgered the witness, for after he had excepted to the action of the court in sustaining the State’s objection to the question, the court said, “Disregard that, Gentlemen.” The witness had already been intensively interrogated by defendant’s counsel as to whether others with the witness were drunk and she had replied that she did not know. She was asked how much she had drunk, and she replied by stating she had had one drink. There was no error in the court’s ruling. The right to a thorough and sifting cross-examination does not go beyond thoroughness, or extend to ‘‘repetitive sifting” and collateral and irrelevant inquiries. Norman v. Hubert, 273 Ala. 651, 144 So.2d 21; Diggs v. State, 54 Ala.App. 414, 309 So.2d 123; Buckelew v. State, 48 Ala.App. 411, 265 So.2d 195, cert. denied, 288 Ala. 735, 265 So.2d 202, cert. denied, 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512; Pinkard v. Hastings, 41 Ala.App. 677, 149 So.2d 293.
We have herein discussed all questions raised by appellant. We have also considered the record in its entirety in a search for any error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by. Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.